Michele J. Beilke (State Bar No. 194098)
mbeilke@huntonAK.com
Julia Y. Trankiem (State Bar No. 228666)
jtrankiem@huntonAK.com
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:    213.532.2000
Facsimile:    213.532.2020

*Attorney for Defendants*
STRYKER CORPORATION and
SCOTT COURTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA SPALL, an individual, | Case No.  3:21-cv-4292 |
| Plaintiff, | [Removal from Alameda County Superior Court Case No. RG21086814] |
| v. | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441** |
| STRYKER CORPORATION; SCOTT COURTS; and DOES 1-25, inclusive, | [Diversity] |
| Defendants. | *[Filed Concurrently with Civil Cover Sheet; Certificate of Interested Entities and Persons; Notice of Related Cases; Compendium of Evidence, including Declarations of Marjorie Renaudin ep. Robert and Michele J. Beilke]* |
| | Complaint Filed: January 19, 2021 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant STRYKER CORPORATION ("Stryker") hereby removes the action filed by Plaintiff JOANNA SPALL ("Plaintiff") in the Superior Court of the State of California for the County of Alameda, Case No. RG21086814, to the United States District Court for the Northern District of California. Individual Defendant Scott Courts ("Courts") consents and hereby joins in the removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient").

## INTRODUCTION

    This is a removal that is both proper and timely, filed by Stryker within 30 days of receiving Plaintiff Joanna Spall's deposition transcript, which confirms this case is now removable. Specifically, Plaintiff's deposition testimony confirms that any claims against Courts, the **only** nondiverse defendant named in Plaintiff's Complaint, are time-barred, and therefore, Courts is not a proper party to this action.  As such, there is diversity jurisdiction, and this action is properly in federal court.

## JURISDICTION AND VENUE

    1.      Stryker asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

    2.      This Court is in the judicial district embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a); 1446(a).

## PROCEDURAL BACKGROUND AND PLAINTIFF'S DEPOSITION

    3.      On January 19, 2021, Plaintiff Joanna Spall filed an action against Stryker and Courts in the Superior Court for the State of California, County of Alameda, as Case No. RG21086814,

– 1 –

*Joanna Spall v. Stryker Corporation et al.* (the "State Court Action").  *See* Compendium of Evidence ("COE") **Exhibit A** (the "Complaint").

4.     The Complaint alleges claims for: (1) disability discrimination and failure to provide reasonable accommodation in violation of California Fair Employment and Housing Act ("FEHA"); (2) failure to engage in the interactive process in violation of FEHA; (3) harassment (hostile workplace) in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination and harassment in violation of FEHA; (6) failure to pay all wages in violation of Labor Code; (7) waiting time penalties; and (8) wrongful termination in violation of public policy.  The only claim asserted against Courts is the Third Cause of Action for harassment.

5.     On February 2, 2021, Plaintiff served the registered agent for service of process of Stryker with copies of the Summons and Complaint.  On March 4, 2021, Stryker filed and served an Answer to the Complaint in State Court.  COE **Exhibit A**.

6.     On March 23, 2021, Courts was served with a Summons and Complaint.  On May 7, 2021, Courts filed and served an Answer to the Complaint in State Court.  COE **Exhibit A**.

7.     **COE Exhibit A** constitutes all process, pleadings and orders served on Defendants and all other documents filed in the State Court Action.

8.     On May 17, 2021, Stryker deposed Plaintiff.  Plaintiff's testimony confirms that the one claim asserted against Courts – harassment – is time-barred.  In that regard, Plaintiff admits the entirety of her cause of action against Courts is based on conduct that took place prior to November 2018.  She went on leave in November 2018, and between November 2018 and her termination in January 2020, she had **no** communications or interactions with Courts, other than insignificant conversations during a two-week period in March 2019.

9.     As such, this Action is one that Defendants may remove to this Court under 28 U.S.C. § 1441, because Defendants have satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(a). Specifically, now that it has been confirmed that any harassment claim against Courts is time-barred; his joinder is fraudulent and should, therefore, be disregarded.  There is complete diversity of citizenship with the only remaining party in this action (namely, Stryker), and the amount in controversy requirement is met.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## THE INSTANT REMOVAL IS TIMELY

10.     "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (emphasis added).

11.     In the Ninth Circuit, deposition testimony constitutes "other paper" and can trigger the 30-day removal period. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886–87 (9th Cir. 2010) (holding that deposition testimony can qualify as "other paper" when a defendant is able to reasonably determine for the first time that subject matter jurisdiction exists); *Rider v. Sears Roebuck & Co*., 2011 WL 2222171, at *3–4 (C.D. Cal. June 7, 2011); *Williams v. Hilarides*, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012).

12.     Here, this case did not become removable until May 17, 2021, when Plaintiff testified as to her interactions with Courts and confirmed that the last interaction took place prior to her November 2018 leave of absence.  Put simply, the new information gleaned from Plaintiff's May 17, 2021 deposition constitutes the "other paper" that makes a successive removal in this case proper, so long as it is filed within 30 days, *i.e.,* on or before June 16, 2021.[1]  Thus, this Notice of Removal is timely.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

13.     The parties are completely diverse in this matter because Plaintiff is a citizen of California and Stryker is a citizen of Michigan for purposes of removal.  As explained in detail below, Courts is not a proper party to this Action and his citizenship should, therefore, be disregarded for purposes of diversity.

14.     **Plaintiff's Citizenship**.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir.

---

[1] In fact, the deadline to remove was not triggered until receipt of the deposition transcript, which Defendants received on or around May 20, 2021.  However, Defendants have conservatively filed the removal based on the date of the deposition.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15.     As set forth in the Complaint, Plaintiff is an "individual residing in the County of Sonoma, State of California."  (Complaint at ¶ 1.) As such, Plaintiff is domiciled in, and for purposes of diversity jurisdiction is a citizen of, the State of California (and, more specifically, Sonoma County).

16.     **Corporate Citizenship**.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

17.     A corporation's principal place of business is determined under the "nerve center" test.  *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).  Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.*  A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters."  *Id.* at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed.  *See, e.g., Tomblin v. XLNT Veterinary Care, Inc.,* 2010 WL 2757311, at *4 (S.D. Cal. 2010).

18.     Stryker is now, and was at the time this Action was commenced, a citizen of the State of Michigan within the meaning of 28 U.S.C. § 1332.  More specifically, Stryker is, and has been at all times since January 19, 2021, a Michigan corporation, incorporated in the State of Michigan, and Stryker's corporate headquarters are located in Michigan.  COE **Exhibit C** (Declaration of Marjorie Renaudin ep. Robert) ("Robert Decl.") ¶ 4; *see also* Compl. ¶ 2.  Accordingly, Stryker is a citizen of the State of Michigan, and not a citizen of the State of California.[2]

---

[2] As of January 1, 2020, Stryker Corporation converted all U.S.-based employees to Stryker Employment Company, LLC.  Roberts Decl. ¶ 5.  Stryker Employment Company, LLC is a limited liability company organized under the laws of the State of Michigan.  Stryker Employment Company, LLC's principal place of business and corporate headquarters are located in Michigan.  Roberts Decl. ¶ 5.  Howmedica Osteonics Corp. ("Howmedica") is the sole member/owner of Stryker Employment Company, LLC.  Roberts Decl. ¶ 6.  Howmedica is now, and was as of no later than January 19, 2021, a corporation organized and existing under the laws of the State of New Jersey.  Howmedica's principal place of business and corporate headquarters are located in New Jersey.  Roberts Decl. ¶ 6.  Therefore, Stryker Employment Company, LLC – Plaintiff's employer-entity as of the date of her termination – is not a citizen of California either.  *See Johnson v. Columbia Props. Anchorage, LP,*

– 4 –

19.   **Defendant Courts's Citizenship Should be Disregarded**.  Individual Defendant Courts (the only non-diverse defendant (Compl. ¶ 3) is not a proper party to this lawsuit.  For purposes of diversity, his citizenship, therefore, should be disregarded.

20.   A non-diverse party named in the state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that the plaintiff can state no cause of action against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, joinder of the resident defendant is fraudulent").  In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations in the Complaint as well as facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

21.   Here, Plaintiff's only claim against Courts is the Third Cause of Action for harassment.

22.   Plaintiff's deposition testimony confirms that no timely cause of action may properly be maintained against Courts.  At deposition, Plaintiff clarified the timing of the allegations she made with respect to Courts, namely:

Q.· Between November of 2018 and your termination in February of 2020, did you have any communications of any kind with Mr. Courts?

**A.· No.**

Q.· When was the last time you recall speaking with Mr. Courts prior to your leave of absence?

**A.· Well, when I was back on-site, I did come back March '19 -- March of 2019.· For about two weeks, I was back on-site, back from my leave.· He spoke to me, he sought me out.· So I guess we communicated at that time.**

Q.· And what do you recall discussing with Mr. Courts when you spoke to him sometime in March of 2019?

**A.· Nothing of importance, just you're back.**

Q.· And when you returned in March of 2019, did Mr. Court say anything to you that you found to be inappropriate or offensive?

**A.· Not that I specifically recall.**

Q.· So when was the last time you recall Mr. Courts saying anything to you that you found to be inappropriate or offensive?· Was it prior to your leave?

**A.· Yes.**

---

437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

COE **Exhibit B** (Declaration of Michele J. Beilke) ("Beilke Decl.") Ex. 1 at 69:8-70:3; *see also* 64:11-66:16; 67:2-16; 68:19-69:7; 70:4-71:1; 71:21-23; 79:15-21; 83:3-84:2; 135:18-136:2; 179:5-23; 180:9-11; 180:19-181:5.

23.     "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA.…The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA. [Citations.]" *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492.

24.     The amendment extending that statute of limitations to three years for such claims took effect on January 1, 2020, and did **not** revive lapsed claims. *See* 2019 Cal. Legis. Serv. Ch. 709 (A.B. 9) ("This act shall not be interpreted to revive lapsed claims").

25.     Prior to January 1, 2020, any adverse employment action occurring outside the one-year limitations period was time-barred. *Trovato v. Beckman Coulter, Inc*., 192 Cal. App. 4th 319, 323 (2011) (affirming summary judgment when plaintiff filed DFEH charge more than one year after last alleged violation).

26.     Here, Courts' alleged conduct occurred no later than November 2018, and under the one-year statute of limitations then applicable to a FEHA harassment claim, a DFEH charge would need to be filed no later than November 2019.  Cal. Gov't Code § 12960 (2019).

27.     Plaintiff did not file a DFEH charge until January 30, 2020, wherein she alleged, *inter alia,* harassment by Courts.  Beilke Decl. Ex. 2.  This DFEH charge does not and cannot cover conduct that took place over one year earlier, and the deadline to bring a DFEH charge based on Courts' conduct already had lapsed as of January 30, 2020.

28.     In summary, because the only cause of action asserted against Courts is for harassment, and any pre-November 2018 conduct is time-barred, Courts is a "sham defendant" whose citizenship must be disregarded for purposes of diversity jurisdiction.

29.     **Doe Defendants**.  Although Plaintiff also named as defendants Does 1 through 25, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names

shall be disregarded."  28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

30.     In conclusion, and as set forth above, complete diversity of citizenship exists under 28 U.S.C. § 1332, and removal is proper in this case pursuant to 28 U.S.C. § 1441.

## AMOUNT IN CONTROVERSY

31.     The Complaint's prayer for relief includes "general and compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering," "punitive damages, exemplary, and treble damages," and "costs of suit incurred herein and reasonable attorneys' fees." *See* Compl. at Prayer.

32.     The Complaint does not specify the amount that Plaintiff seeks to recover from Defendants in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 574 U.S. 81 (2015).

33.     In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the Complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

34.     Although Stryker denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

35.     **Lost Earnings**.  If Plaintiff prevails on her claims for discrimination, retaliation and/or wrongful termination, she potentially could recover the amount she would have earned up through the date of trial, including any benefits or pay increases. *See Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176 (1970); *Wise v. S. Pac. Co.,* 1 Cal. 3d 600, 607 (1970).

36.     Based on Plaintiff's claims for lost earnings alone, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff alleges, "As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses."  Compl. ¶ 97.  At the time of her separation from employment, Plaintiff's annual base salary was $76,368.45.  Roberts Decl. ¶ 8(c).  Therefore, Plaintiff's accrued lost wages to date, based on Plaintiff's gross earnings for the period from her alleged termination on February 21, 2020 (Compl. ¶ 22) to the date of this removal (approximately 67 weeks) is **$98,397.81**.  This is a conservative estimate, as lost wages will continue to accrue through the date of trial.  This also excludes any other compensation to which Plaintiff was entitled, such as annual performance bonuses.  In any event, Plaintiff's claim for lost earnings alone is already well above the $75,000.00 threshold.

37.     **Emotional Distress Damages**.  Plaintiff also alleges she has suffered "emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial" and seeks damages related to same. *See, e.g.,* Compl. ¶ 36.  Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy).

– 8 –

38.     In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least $25,000 to the amount in controversy.

39.     **Punitive (Exemplary) Damages**.  Plaintiff also seeks an award of punitive damages. *See, e.g.*, Compl. ¶ 57.  "In determining the amount in controversy, the court must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil action").  A single-digit ratio (i.e., no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

40.     Jury verdicts in California cases involving factual allegations similar to those here demonstrate that, were Plaintiff to prove the allegations of the Complaint and prevail at trial, her punitive damages could bring the amount in controversy to well over the $75,000 threshold.

41.     **Total Amount in Controversy**.  Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff has put nearly $100,000 in controversy with her claims for lost wages alone.  Although no amount has been specified for Plaintiff's claims of emotional distress damages or punitive damages, either of these claims, on its own, could exceed $75,000, exclusive of interest and costs, in a discrimination, harassment, retaliation, and wrongful termination lawsuit.  This also does not take into account the other relief Plaintiff seeks, such as waiting time penalties (up to 30 days of daily wages) or attorneys' fees.  Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount needed to meet the amount in controversy requirement.  *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions,

value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## NOTICE

42.     As required by 28 U.S.C. § 1446(d), Stryker is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Alameda.

**WHEREFORE**, Stryker hereby removes from Alameda County Superior Court Case No. RG21086814 to the United States District Court for the Northern District of California.

DATED: June 4, 2021                    HUNTON ANDREWS KURTH LLP


                                       By: */s/Michele J. Beilke*
                                           Julia Y. Trankiem
                                           *Attorney for Defendants*
                                           STRYKER CORPORATION and
                                           SCOTT COURTS

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT