# EXHIBIT A

22813391

1  Diane Aqui, SBN 217087
   daqui@smithdollar.com
2  SMITH DOLLAR PC
   Attorneys at Law
3  418 B Street, Fourth Floor
   Santa Rosa, California 95401
4  Telephone: (707) 522-1100
   Facsimile: (707) 522-1101
5
   Attorney for Plaintiff
6  JOANNA SPALL

**FILED**
ALAMEDA COUNTY

JAN 19 2021

CLERK OF THE SUPERIOR COURT
By _____ Deputy

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9

10  JOANNA SPALL, an individual,

11          Plaintiff,

    v.

12  STRYKER CORPORATION; SCOTT
    COURTS and DOES 1-25, inclusive,

13

14          Defendants.

CASE NO.: RG21086814

COMPLAINT FOR DAMAGES:

1) **VIOLATION OF FEHA – DISABILITY DISCRIMINATION – FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
2) **VIOLATION OF FEHA – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**
3) **VIOLATION OF FEHA – HARASSMENT (HOSTILE WORKPLACE) DIRECTED AT PLAINTIFF**
4) **VIOLATION OF FEHA – RETALIATION**
5) **VIOLATION OF FEHA – FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION AND HARASSMENT**
6) **VIOLATION OF LABOR CODE – FAILURE TO PAY ALL WAGES**
7) **VIOLATION OF LABOR CODE – WAITING TIME PENALTIES**
8) **VIOLATION OF PUBLIC POLICY – WRONGFUL TERMINATION**

**DEMAND FOR JUY TRIAL**

15

16

17

18

19

20

21

22

23

24

25  Plaintiff JOANNA SPALL ("Plaintiff") alleges as follows:

26                              **PARTIES**

27     1.     Plaintiff is an adult female individual residing in the County of Sonoma, State of

28

1080098                        - 1 -
                    COMPLAINT FOR DAMAGES

1   California.

2     2.  Defendant STRYKER CORPORATION (hereinafter "Stryker") is, and at all times

3   mentioned herein was, a Michigan corporation. Stryker is a California employer or otherwise

4   covered entities under the California Labor Code and California Government Code, sections 12940

5   et. seq. (hereinafter, "FEHA").

6     3.  Defendant SCOTT COURTS (hereinafter "Mr. Courts") is, and at all times

7   mentioned herein was, an adult male individual working in the County of Alameda, State of

8   California, for Defendant Stryker a Director.

9     4.  Plaintiff is ignorant of the true names and capacities of those Defendants named as

10   DOES 1 through 25 (hereinafter "Does 1-25"), and for that reason has sued these Defendants by

11   fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the

12   fictitiously named Defendants is in some way liable and legally responsible for the damages and

13   injuries set forth in this Complaint. Plaintiff will seek leave of the Court to amend this Complaint to

14   identify these Defendants when their identities are ascertained.

15             **JURISDICTION AND VENUE**

16     5.  This Court has jurisdiction over all causes of action asserted in this Complaint

17   pursuant to the California Constitution, Article VI, section 10, because this case comprises causes

18   of action not assigned by statute to other trial courts.

19     6.  This Court has jurisdiction over each Defendant named in this complaint because

20   each Defendant is a person or entity who is either domiciled in California or has sufficient

21   minimum contacts with California so as to render the exercise of jurisdiction by the California

22   Courts (including this Court) reasonable and just, according to our nation's traditional conception of

23   fair play and substantial justice.

24     7.  Venue is proper in this Court in accordance with California Code of Civil Procedure

25   sections 395 (a) and 395.5, in part because the injuries complained of in this Complaint were

26   injuries to persons or their interests occurring in the County where this Court is situated and

27   because one or more of the Defendants resides in said County and/or the obligation or liability of

28

1    one or more Defendants arose in the County where this Court is situated.

2        8.      The relief the Plaintiffs seek is within the jurisdictional limits of the Court.

3                            **FACTS COMMON TO ALL CLAIMS**

4        9.      Plaintiff re-alleges and incorporates by reference the allegations contained in the

5    preceding paragraphs of this Complaint as though fully set forth herein.

6        10.     In or around August 2017, Joanna Spall experienced sexual harassment and

7    discrimination at her employment at Stryker. At that time, a new transfer employee, Michael

8    Fitzpatrick approached Plaintiff and made sexually explicit comments which continued over the

9    course of the next several months.

10       11.     Plaintiff reported Mr. Fitzpatrick's behavior to her manager, and an  investigation

11   was conducted which ultimately, this resulted in Mr. Fitzpatrick's termination.

12       12.     In or around the same time period, Plaintiff received further sexual harassment and

13   discrimination at the workplace from Scott Courts, Director.  This behavior continued even while

14   the investigation and resulting termination took place of Mr. Fitzpatrick.

15       13.     Mr. Fitzpatrick was well-liked by many at Stryker, and it became known that

16   Plaintiff had complained about sexual harassment which ultimately led to his termination.

17   Plaintiff's co-workers retaliated against Plaintiff and Stryker Corporation did nothing to investigate

18   or prevent its occurrence.  Rather, Stryker Corporation's benign neglect of confronting this behavior

19   was done in retaliation against Plaintiff for having reported sexual harassment and discrimination in

20   the first place.

21       14.     All of this negative attention had a debilitating impact on Plaintiff's mental health,

22   starting in or around January 2018. Plaintiff requested a transfer and met with Human Resources.

23   Her request was denied in retaliation for having reported sexual harassment and discrimination.

24       15.     In November 2018, Plaintiff took a leave of absence to deal with her mental health

25   conditions. She returned to work in March 2019.

26       16.     Immediately upon her return in March 2019, Plaintiff experienced continued

27   harassment and retaliation vis-à-vis her prior complaint of sexual harassment.

28

17.    Plaintiff complained about this and the made a complaint about these retaliatory comments as well as harassment from Scott Courts.

18.    In the wake of the new complaint by Plaintiff, Stryker Corporation's Human Resources Department conducted another investigation which was perfunctory and shallow, and in of itself, was harassing and retaliatory.

19.    Plaintiff's new complaint was dismissed immediately.

20.    On January 22, 2020, Plaintiff requested a reasonable accommodation for an extension of her disability-related leave of absence and provided medical support for the reason for the extension. On February 19, 2020, Stryker unilaterally denied the reasonable accommodation request.

21.    Stryker did not engage in the interactive process in order to identify other forms of reasonable accommodations that could have been offered.

22.    On February 21, 2020 Stryker terminated Plaintiff from her position, however, no reasons were given for the termination.

23.    At the time of her termination, Plaintiff was not paid for 5 days of accrued vacation.

24.    On or around September 30, 2019, Plaintiff filed a complaint with the State of California, Department of Fair Employment and Housing ("DFEH") alleging sexual harassment, sex discrimination, and retaliation (Case No. 201909-07737130). This was jointly filed with the U.S. Equal Employment Opportunity Commission (Case No. 37A-2020-01562-C). In so doing, Plaintiff sought investigation by the DFEH. Plaintiff amended her complaint to include disability discrimination and disability harassment on or around June 22, 2020.

25.    On or around November 6, 2020, Plaintiff requested to withdraw her complaint with DFEH and requested a right to sue.

26.    On November 13, 2020, Plaintiff received her Right to Sue Notice from the DFEH.

27.    A true and correct copy of the DFEH Complaint and resulting Right to Sue Notice is attached and incorporated hereto as **Exhibit A**.

///

## FIRST CAUSE OF ACTION

### Violation of FEHA – Disability Discrimination –

### Failure to Provide Reasonable Accommodation

### *Against Defendants, Stryker and Does 1-25*

### [Cal. Gov. Code, §§ 12940, et. seq.]

28.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29.     Defendant, Stryker, is a California employer or otherwise covered entity under California Government Code, §§ 12940 et. seq. (hereinafter, "FEHA").

30.     Defendants, Stryker and Does 1-25, failed to provide Plaintiff with a reasonable accommodation for her Disability.

31.     Moreover, Defendants, Stryker and Does 1-25, failed to identify an undue hardship on the operation of its business in refusing to implement the sought-after reasonable accommodation.

32.     Defendants' failure to provide Plaintiff with a reasonable accommodation and failure to identify an undue hardship for implementing a reasonable accommodation is unlawful.

33.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff was harmed.

34.     Defendants' unlawful actions were a substantial factor in causing Plaintiff's harm and for that reason Plaintiff should recover damages from it.

35.     As a direct, foreseeable, and proximate result Defendants' unlawful actions, Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

36.     As a direct, foreseeable, and proximate result of these unlawful actions by Defendants, Stryker and Does 1-25, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

37.     Defendants, Stryker and Does 1-25, committed the acts herein despicably,



1   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from

2   an improper and evil motive amounting to malice, and in conscious disregard of the rights of

3   Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants, Stryker and Does

4   1-25, in an amount according to proof.

5   **SECOND CAUSE OF ACTION**

6   **Violation of FEHA – Disability Discrimination –**

7   **Failure to Engage in Interactive Process**

8   ***Against Defendants, Stryker and Does 1-25,***

9   **[Cal. Gov. Code, §§ 12940, et. seq.]**

10   38.     Plaintiff re-alleges and incorporates by reference the allegations contained in the

11   preceding paragraphs of this Complaint as though fully set forth herein.

12   39.     Plaintiff was able to perform the essential job duties of her position with a

13   reasonable accommodation for her Disability.

14   40.     Plaintiff was also willing to participate in an interactive process to determine

15   whether a reasonable accommodation could be made so that Plaintiff would be able to perform

16   essential job functions of her position.

17   41.     Defendants, Stryker and Does 1-25, refused and failed to participate in a timely,

18   good-faith, interactive process with Plaintiff to determine whether Plaintiff's reasonable

19   accommodation could be made.

20   42.     Moreover, Respondent failed to identify an undue hardship on the operation of its

21   business in refusing to implement the sought-after reasonable accommodation.

22   43.     Defendants' failure to engage Plaintiff in an interactive process to examine

23   prospective reasonable accommodations and failure to identify an undue hardship for implementing

24   a reasonable accommodation is unlawful.

25   44.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

26   Plaintiff was harmed.

27   45.     Defendants' unlawful actions were a substantial factor in causing Plaintiff's harm

28



1   and for that reason Plaintiff should recover damages from it.

2       46.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

3   Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other

4   employment benefits and has incurred other economic losses.

5       47.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

6   Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the

7   Plaintiff's damage in an amount to be proven at time of trial.

8       48.     Defendants, Stryker and Does 1-25, committed the acts herein despicably,

9   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from

10  an improper and evil motive amounting to malice, and in conscious disregard of the rights of

11  Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants, Stryker and Does

12  1-25, in an amount according to proof.

13                              **THIRD CAUSE OF ACTION**

14      **Violation of FEHA – Harassment (Hostile Workplace) Directed at Plaintiff**

15              ***Against Defendants, Stryker and Does 1-25***

16                  **[Cal. Gov. Code, §§ 12940, et. seq.]**

17      49.     Plaintiff re-alleges and incorporates by reference the allegations contained in the

18  preceding paragraphs of this Complaint as though fully set forth herein.

19      50.     Plaintiff suffered from a disability, disease, disorder, or otherwise health or medical

20  condition that impaired a major life activity. Specifically, Plaintiff suffered from Disability.

21      51.     Plaintiff was subjected to unwanted, unlawful harassing conduct by Defendants

22  because she (a) was a woman and (b) suffered from a disability and had taken protected job leave

23  associated with that disability.

24      52.     This unwanted, unlawful harassing conduct by Defendants was severe and

25  pervasive, as described herein.

26      53.     A reasonably prudent person in Plaintiff's circumstances would have considered the

27  work environment to be hostile or abusive.

28

54.    Plaintiff considered the work environment to be hostile and abusive

55.    Defendants, Stryker, Scott Courts and Does 1-25, participated in, assisted in, or encouraged the harassing conduct regarding Plaintiff's sex and disability, as described herein.

56.    The Defendants' unwanted, unlawful harassing conduct was a substantial factor in causing Plaintiff's harm and for that reason Plaintiff should recover damages from all Defendants.

57.    As a direct, foreseeable, and proximate result of Defendants' unwanted, unlawful harassing conduct, Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

58.    As a direct, foreseeable, and proximate result of Defendants' unwanted, unlawful harassing conduct, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

59.    Defendants committed the conduct herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION

### Violation of FEHA – Retaliation

#### *Against Defendants, Stryker and Does 1-25*

#### [Cal. Gov. Code, §§ 12940, et. seq.]

60.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.    Plaintiff engaged in a protected activity under FEHA. Specifically, Plaintiff took protected job leave due to a disability and complained about the sex discrimination and sexual harassment she experienced, as well as the resulting retaliation from her colleagues upon her return, as described herein.

62.    In response, Defendants engaged in unlawful retaliatory actions. Specifically,

1  Defendant, Stryker, subjected Plaintiff to an adverse employment action and terminated or

2  otherwise discharged Plaintiff's employment. And Defendants, Does 1-25 compelled, coerced,

3  aided, and/or abetted the retaliation experienced by Plaintiff.

4        63.    As a direct, foreseeable, and proximate result of the Defendants' unlawful retaliatory

5  actions, Plaintiff was harmed.

6        64.    The Defendants' unlawful retaliatory actions were a substantial factor in causing

7  Plaintiff's harm and for that reason Plaintiff should recover damages from all Defendants.

8        65.    As a direct, foreseeable, and proximate result of Defendants' unlawful retaliatory

9  actions, Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other

10  employment benefits and has incurred other economic losses.

11        66.    As a direct, foreseeable, and proximate result of Defendants' unlawful retaliatory

12  actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the

13  Plaintiff's damage in an amount to be proven at time of trial.

14        67.    Defendants committed the acts herein despicably, maliciously, fraudulently, and

15  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

16  amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others.

17  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to

18  proof.

19  **FIFTH CAUSE OF ACTION**

20  **Violation of FEHA – Failure to Take Reasonable Steps to Prevent Discrimination and**

21  **Harassment**

22  ***Against Defendants, Stryker and Does 1-25***

23  **[Cal. Gov. Code, §§ 12940, et. seq.]**

24        68.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

25  preceding paragraphs of this Complaint as though fully set forth herein.

26        69.    Plaintiff was subject to discrimination and harassment on account of her sex and

27  disability, and subject to retaliation in the course of the employment with Defendant, Stryker.

28

70.     Defendant, Stryker failed to take all reasonable steps to prevent the discrimination, harassment, and retaliation experienced and witnessed by Plaintiff, as described herein.

71.     Defendants, Does 1-25, compelled, coerced, aided, and/or abetted the failure to take all reasonable steps to prevent the discrimination, harassment, and retaliation experienced and witnessed by Plaintiff.

72.     As a direct, foreseeable, and proximate result of the Defendants' unlawful actions, Plaintiff was harmed.

73.     The Defendants' unlawful actions were a substantial factor in causing Plaintiff's harm and for that reason Plaintiff should recover damages from all Defendants.

74.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

75.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

76.     Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SIXTH CAUSE OF ACTION

### Nonpayment of Wages

### *Against Defendant, Stryker*

### [California Labor Code §§ 218, 218.5, 218.6]

77.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

78.     A portion of Plaintiff's compensation was to be paid by way of a vacation bonus,

1   whereby Plaintiff would accrue additional days of vacation for making herself available for work

2   on scheduled holidays.

3        79.    On February 21, 2020, Plaintiff was terminated. The vacation bonus was not

4   calculated and not included in Plaintiff's payment at the time of receiving her final paycheck.

5        80.    Plaintiff brought this to Stryker's attention immediately and repeatedly.

6        81.    As of today's date, Plaintiff has yet to be paid the vacation bonus.

7        82.    California Labor Code, section 218.5 states that in "any action brought for the

8   nonpayment of wages, the court shall award reasonable attorney's fees and costs…" California

9   Labor Code, section 218.6 states that in "any action brought for the nonpayment of wages, the court

10   shall award interest on all due and unpaid wages…"

11        83.    During all relevant times, Stryker knowingly and willfully failed to pay wages

12   earned and due to Plaintiff. Stryker's conduct deprived Plaintiff of full and timely payment for all

13   hours worked in violation of the California Labor Code.

14        84.    Plaintiff is due payment for all unpaid wages according to proof, interest thereon,

15   reasonable attorneys' fees, and costs of suit.

16   <div align="center">**SEVENTH CAUSE OF ACTION**</div>

17   <div align="center">**Willful Failure to Pay Final Wages to Employee**</div>

18   <div align="center">***Against Defendant, Stryker***</div>

19   <div align="center">**[California Labor Code, §§ 202, 203]**</div>

20        85.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

21   preceding paragraphs of this Complaint as though fully set forth herein.

22        86.    Plaintiff was informed by Defendant, Stryker, that she was terminated as February

23   21, 2020.

24        87.    As of that date and through the present date, Plaintiff has not been paid all accrued

25   compensation, as described above.

26        88.    California Labor Code, section 201 provides that any discharged employee is

27   entitled to all wages due at the time of discharge. Where an employer willfully fails to pay

28

1  discharged or quitting employees all wages due as required under the California Labor Code, the

2  employer is liable to such employees under California Labor Code, section 203 for waiting time

3  penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for

4  each day the wages are withheld, up to thirty (30) days.

5       89.    To date, Stryker has willfully failed to pay Plaintiff all wages due to her.

6  Specifically, Stryker failed to timely pay Plaintiff as referenced above for the vacation bonus at the

7  time of her termination or any time thereafter.

8       90.    Plaintiff is due payment for all unpaid wages according to proof, interest thereon,

9  reasonable attorneys' fees, and costs of suit.

10      91.    Furthermore, Plaintiff is due payment for all damages suffered or statutorily

11  prescribed for waiting time penalties, according to proof.

12                          **EIGHTH CAUSE OF ACTION**

13                  **Violation of Public Policy – Wrongful Termination**

14                      ***Against Defendants, Stryker and Does 1-25***

15      92.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

16  preceding paragraphs of this Complaint as though fully set forth herein.

17      93.    Defendants subjected Plaintiff to an adverse employment action and terminated or

18  otherwise discharged Plaintiff's employment.

19      94.    Plaintiff's witnessing illegal and/or unethical conduct by Defendants, including but

20  not limited to discrimination, harassment, retaliation, and wage-and-hour violations in the

21  workplace was a substantial motivating reason for the termination of Plaintiff's employment.

22      95.    As a direct, foreseeable, and proximate result of the Defendants' unlawful actions,

23  Plaintiff was harmed.

24      96.    The Defendants' unlawful actions were a substantial factor in causing Plaintiff's

25  harm and for that reason Plaintiff should recover damages from all Defendants.

26      97.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

27  Plaintiff suffered and continues to suffer substantial losses in earnings, equity and other

28



1  employment benefits and has incurred other economic losses.

2        98.     As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

3  Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the

4  Plaintiff's damage in an amount to be proven at time of trial.

5        99.     Defendants committed the acts herein despicably, maliciously, fraudulently, and

6  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

7  amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others.

8  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to

9  proof.

10                                    **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

12 follows:

13       1.     For general and compensatory damages, including but not limited to, lost back pay,

14               plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost

15               equity, damages for emotional distress and pain and suffering, according to proof

16               allowed by law;

17       2.     For nominal damages;

18       3.     For punitive damages, exemplary, and treble damages, as allowed by law;

19       4.     For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys'

20               fees, pursuant to California Government Code, section 12965(b), California Labor

21               Code, section 218.5, and other applicable provisions;

22       5.     For an award of prejudgment and post-judgment interest; and

23 ///

24 ///

25 ///

26 ///

27 ///

28



COMPLAINT FOR DAMAGES

6.     For an award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 15, 2021

SMITH DOLLAR PC

By_____
Diane Aqui
Attorney for JOANNA SPALL



## **DEMAND FOR JURY TRIAL**

1

      Plaintiff hereby demands a jury trial.

2

Respectfully submitted,

3

Dated:  January 15, 2021

4

                                 SMITH DOLLAR PC

5

6

7               By _____

8                   Diane Aqui
                   Attorney for JOANNA SPALL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

COMPLAINT FOR DAMAGES



Exhibit A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 13, 2020

**Via Email**
joanna.spall@gmail.com

Joanna Spall
698 Lyding Lane
Sebastopol, California 95472

RE: **Notice of Case Closure and Right to Sue**
 **Case Number:** 201909-07737130
 **EEOC Number:** 37A-2020-01562-C
 **Case Name:** Spall / Stryker Corporation et al.

Dear Joanna Spall:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: Complainant Elected Court Action.

**This is your Right to Sue Notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may have waived the right to file a private lawsuit. Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

**Filing in Small Claims Court**

**Notice of Case Closure Settled or Withdrawn – Employment**
**November 13, 2020**
**Page 2 of 2**

- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims/.

- You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov

Sincerely,

*Sharon Longino*

Sharon Longino
Consultant II
916-585-7081
sharon.longino@dfeh.ca.gov

cc:

**Complainant Representative**
Smith Dollar P.C.
Attn: Justin Hein Esq.
418 B. Street, Fourth Floor
Santa Rosa, CA  95401

**Co-Respondent**
Michael Fitzpatrick

**Co-Respondent**
Scott Courts, Clinical Manager/Director
47900 Bayside Parkway
Fremont, California 94538

**Respondent Representative**
Stryker Corporation
Attn: Christina Baggett, Associate Legal Counsel, Employment
5900 Optical Court
San Jose, CA 95138

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STRYKER CORPORATION; SCOTT COURTS and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOANNA SPALL, an individual

ENDORSED
FILED
ALAMEDA COUNTY

JAN 19 2021

CLERK OF THE SUPERIOR COURT
By TANIA PIERCE
_____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County - 2233 Shoreline Drive,<br>Alameda, California 94501 | CASE NUMBER: *(Número del Caso):*<br>Rg21086814 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Diane Aqui, Smith Dollar PC, 418 B Street, Fourth Floor, Santa Rosa, CA 95401, 707-522-1100

| DATE:<br>*(Fecha)* | JAN 19 2021<br>Chad Finke | Clerk, by<br>*(Secretario)* | TANIA PIERCE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☒ as an individual defendant. Scott Courts<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date)* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Diane Aqui, SBN 217087<br>Smith Dollar PC<br>418 B Street, Fourth Floor,  Santa Rosa, CA 9540 | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY** |

TELEPHONE NO.: 707-522-1100     FAX NO.: 707-522-1101

ATTORNEY FOR (Name): Plantiff Joanna Spall

**JAN 19 2021**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME: Civil

CLERK OF THE SUPERIOR COURT
By  **TANIA PIERCE**
Deputy

CASE NAME:
Spall, Joanna v. Stryker Corporation

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | Rg2108 6814<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Eight
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/15/2021

Diane Aqui
_____
(TYPE OR PRINT NAME)

▶ Diane Aqui
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG21086814
Case Title:     Spall VS Stryker Corporation
Date of Filing: 01/19/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Noël Wise** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Noël Wise
DEPARTMENT 24

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are strictly enforced in Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) Courtesy Copies delivered directly to Dept 24 are required for all motions and applications. (3) Scheduling: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (4) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court. Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk is prohibited from giving legal advice.

## Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date. Email request will result in a faster response.

- Trials generally are held:  Mondays through Thursdays at 9:30 a.m.  Trial Readiness Conference set about 10 days prior to trial on Fridays at 10 am.  Compliance with Local Rule 3.35 and personal appearance of trial counsel are required on that date.

- Case Management Conferences are held:  Mondays, Wednesdays and Fridays at 9 a.m.

- Law and Motion matters are heard:  Thursdays at 9:00 a.m. Litigants must contact the clerk to reserve a date before filing any law and motion matters. The court does issue tentative rulings.  See Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard: MSC may be set, but court resources are limited. Counsel are encouraged to consider alternative dispute resolution options. MSC will be specially set when deemed appropriate.

- Ex Parte matters are heard: Fridays at 9:30 a.m. Litigants must contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination are set on Fridays at 2 pm.

- In all matters, Counsel are expected to be familiar with the Statement of Professionalism and Civility published by the Alameda County Bar Association (www.acbanet.org).

- For L&M matters - Email Dept 24, including case name & case number, title of motion and identity of moving party. No discovery-related motion may be filed until an informal discovery conference (IDC) has been held or denied by the Court, in conformity with Alameda County Local Rule 3.31. Email Dept 24 to schedule an IDC and submit declarations in conformity with Local Rule 3.31. When requesting a hearing date for a discovery motion, include information about the IDC, including the date the IDC conference was held or denied.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
   Email:     Dept.24@alameda.courts.ca.gov
   Phone:     510 267-6940

   Requests for Law & Motion or Ex Parte hearing dates must include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party.

- Ex Parte Matters
   Email:     Dept.24@alameda.courts.ca.gov
   Phone:     510 267-6940

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24

- Phone: 1-866-223-2244

Dated:  02/01/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/02/2021

By

Deputy Clerk

Smith Dollar PC
Attn:  Aqui, Diane
418 B Street
Fourth Floor
Santa Rosa, CA   95401_____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Spall | No. <u>RG21086814</u> |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Stryker Corporation | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date:  **06/07/2021**<br>Time:  **09:00 AM** | Department: **24**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge:  **Noël Wise**<br>Clerk:  **Amani Amponsah**<br>Clerk telephone:  **(510) 267-6940**<br>E-mail:<br>**Dept24@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1509** |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/02/2021.

By _____
                                                     Deputy Clerk

1   Diane Aqui, SBN 217087
    daqui@smithdollar.com
2   SMITH DOLLAR PC
    Attorneys at Law
3   418 B Street, Fourth Floor
    Santa Rosa, California 95401
4   Telephone: (707) 522-1100
    Facsimile: (707) 522-1101
5
    Attorneys for Plaintiff
6   JOANNA SPALL

7               SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
8

9
    JOANNA SPALL, an individual,              CASE NO.: RG21086814
10
              Plaintiff,                       NOTICE OF ASSIGNMENT OF JUDGE
11  v.                                         AND HEARING DATE

12  STRYKER CORPORATION; SCOTT                 Date:  June 7, 2021
    COURTS and DOES 1-25, inclusive            Time:  9:00 a.m.
13                                             Dept.: 24 – Administration Building, 3rd Floor,
              Defendants.                      1221 Oak Street, Oakland, CA 94612
14
                                               Judge:  Hon. Noël Wise
15
                                               Complaint Filed:  January 19, 2021
16                                             Trial Date:       N/A

17         PLEASE TAKE NOTICE that the above referenced case has been assigned to Hon. Noël

18  Wise, in Department 24, located at Administration Building, 3rd Floor, 1221 Oak Street, Oakland,

19  CA 94612 and the Case Management Conference has been set for June 7, 2021, at 9:00 a.m., in

20  Department 24. (See attached Notice of Assignment of Judge for all Purposes and Notice of Case

21  Management Conference and Order).

22  Dated: March 4, 2021

23                                             SMITH DOLLAR PC

24

25                                             By_____

26                                                Diane Aqui
                                                  Attorney for JOANNA SPALL
27

28

    1104495                          - 1 -
                 NOTICE OF ASSIGNMENT OF JUDGE AND HEARING DATE

```
┌ Smith Dollar PC                    ┐    ┌                                              ┐
   Attn: Aqui, Diane
   418 B Street
   Fourth Floor
└ Santa Rosa, CA  95401____          ┘    └                                              ┘
```

## Superior Court of California, County of Alameda

| | |
|---|---|
| Spall | No. <u>RG21086814</u> |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Stryker Corporation | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 06/07/2021 | Department: 24 | Judge: Noël Wise |
|---|---|---|
| Time: 09:00 AM | Location: **Administration Building** | Clerk: Amani Amponsah |
| | **Third Floor** | Clerk telephone: **(510) 267-6940** |
| | **1221 Oak Street, Oakland  CA 94612** | E-mail: |
| | | Dept24@alameda.courts.ca.gov |
| | Internet: **www.alameda.courts.ca.gov** | Fax: **(510) 267-1509** |

### ORDERS

1. **Plaintiff must:**

   a. **Serve all named defendants** and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must respond** as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/02/2021.

By *Demeter Oh*

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG21086814
Case Title:    Spall VS Stryker Corporation
Date of Filing: 01/19/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Noël Wise** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Noël Wise
DEPARTMENT 24

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are strictly enforced in Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) Courtesy Copies delivered directly to Dept 24 are required for all motions and applications. (3) Scheduling: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (4) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court.  Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk is prohibited from giving legal advice.

**Schedule for Department 24**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.  Email request will result in a faster response.

- Trials generally are held:  Mondays through Thursdays at 9:30 a.m.  Trial Readiness Conference set about 10 days prior to trial on Fridays at 10 am.  Compliance with Local Rule 3.35 and personal appearance of trial counsel are required on that date.

- Case Management Conferences are held:  Mondays, Wednesdays and Fridays at 9 a.m.

- Law and Motion matters are heard:  Thursdays at 9:00 a.m. Litigants must contact the clerk to reserve a date before filing any law and motion matters. The court does issue tentative rulings.  See Local Rule 3.30(c).  To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard: MSC may be set, but court resources are limited. Counsel are encouraged to consider alternative dispute resolution options. MSC will be specially set when deemed appropriate.

- Ex Parte matters are heard: Fridays at 9:30 a.m. Litigants must contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination are set on Fridays at 2 pm.

- In all matters, Counsel are expected to be familiar with the Statement of Professionalism and Civility published by the Alameda County Bar Association (www.acbanet.org).

- For L&M matters - Email Dept 24, including case name & case number, title of motion and identity of moving party. No discovery-related motion may be filed until an informal discovery conference (IDC) has been held or denied by the Court, in conformity with Alameda County Local Rule 3.31. Email Dept 24 to schedule an IDC and submit declarations in conformity with Local Rule 3.31. When requesting a hearing date for a discovery motion, include information about the IDC, including the date the IDC conference was held or denied.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:   Dept.24@alameda.courts.ca.gov
  Phone:   510 267-6940

  Requests for Law & Motion or Ex Parte hearing dates must include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party.

- Ex Parte Matters
  Email:   Dept.24@alameda.courts.ca.gov
  Phone:   510 267-6940

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24

- Phone: 1-866-223-2244

Dated:  02/01/2021

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/02/2021

By

Deputy Clerk

1

**PROOF OF SERVICE**

2        I am employed in the County of Sonoma, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 418 B Street, Fourth Floor, Santa Rosa,

3      CA 95401.  On March 4, 2021, I served the NOTICE OF ASSIGNEMENT OF JUDGE AND HEARING DATE on the parties to this action by serving:

4

5    Michele Beilke                    Attorney for Defendants
     Ann Qushair                      Telephone:

6    Hunton Andrews Kurth LLP         Facsimile:
     550 South Hope Street              Email: mbeilke@HuntonAK.com and

7    Suite 2000                          AQushair@hunton.com
     Los Angeles, CA 90071

8

9    /X/  **BY U.S. MAIL:**  I placed each such sealed envelope, with postage thereon fully prepaid for

10   first-class mail, for collection and mailing at the address above, following ordinary business practices.  I am readily familiar with the practice of Smith Dollar PC for processing of

11   correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

12

13   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15   Dated: March 4, 2021

16                                      Stephanie D. Abbott

17

18

19

20

21

22

23

24

25

26

27

28

1

**HUNTON ANDREWS KURTH LLP**
Michele J. Beilke (State Bar No. 194098)

2

mbeilke@HuntonAK.com
Ann H. Qushair (State Bar No. 176832)

3

aqushair@HuntonAK.com
550 South Hope Street, Suite 2000

4

Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000

5

Facsimile: 213 • 532 • 2020

6

7

Attorneys for Defendant,
STRYKER CORPORATION

8

ENDORSED
FILED
ALAMEDA COUNTY

MAR 04 2021

CLERK OF THE SUPERIOR COURT
By **NICOLE HALL**
_____
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF ALAMEDA

10

11

JOANNA SPALL,

12

Plaintiff,

13

14

v.

15

STRYKER CORPORATION, SCOTT
COURTS and DOES 1-25, inclusive,

16

17

Defendants.

18

Case No. RG21086814

Hon. Noël Wise – Dept. 24

**DEFENDANT STRYKER CORPORATION'S
ANSWER TO PLAINTIFF JOANNA
SPALL'S COMPLAINT FOR DAMAGES**

Complaint Filed:     January 21, 2021
Trial Date:             N/A

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627</div>



DEFENDANT STRYKER CORPORATION'S ANSWER TO COMPLAINT

1

2

Defendant Stryker Corporation ("Defendant Stryker") hereby answers the unverified Complaint for Damages ("Complaint") filed by Plaintiff Joanna Spall ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant Stryker denies, generally and specifically, each and every allegation in the Complaint.  Defendant Stryker further denies generally and specifically, that Plaintiff has been injured in any sum therein alleged, and denies that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendant Stryker.

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant Stryker has any burden of proof, Defendant Stryker hereby asserts the following affirmative or other defenses:

## FIRST DEFENSE

### (Statute of Limitations)

1.      Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, including, without limitation, the statutes of limitations applicable to claims under the California Fair Employment and Housing Act (Government Code sections 12960(d) and 12965(d)) and the California Labor Code section 203 (Code of Civil Procedure section 340(a)), and to Plaintiff's wrongful termination claim (Code of Civil Procedure section 335.1).

## SECOND DEFENSE

### (Failure to State a Claim)

2.      Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      Plaintiff's claims are barred in whole or in part to the extent she failed to exhaust her administrative remedies, as required, or to the extent her causes of action exceed the scope of any charges filed with the requisite government agencies.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FOURTH DEFENSE

#### (Legitimate, Non-Discriminatory, Non-Harassing, Non-Retaliatory Actions)

4.     Plaintiff's Complaint, and each cause of action alleged therein, is barred because none of her purported disabilities, alleged medical condition, or purported protected conduct was a reason (let alone a substantial motivating reason) for any of Defendant Stryker's conduct or decisions concerning Plaintiff's employment.  Rather, the actions alleged to be taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory, non-harassing, and non-retaliatory reasons and all actions taken were for good cause and not for any improper reason or motive.

### FIFTH DEFENSE

#### (Mixed Motive / Same Decision)

5.     Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred because assuming, arguendo, that discrimination, retaliation, or harassment had been even a substantial motivating reason for any decision toward Plaintiff, which Defendant Stryker expressly denies, it would have made the same decision toward her, in any case, for legitimate, non-discriminatory, non-retaliatory, and non-harassing business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

### SIXTH DEFENSE

#### (Discrimination, Harassment, or Retaliation Prevention)

6.     Defendant Stryker, at all relevant times herein, took all appropriate actions to prevent any discriminatory, harassing, or retaliatory conduct from occurring, thereby satisfying all legal obligations Defendant Stryker owed to Plaintiff, if any at all.  Further, even if any unlawful conduct occurred, which Defendant Stryker denies, such conduct was prohibited by Defendant Stryker's policies and was not within the actual or constructive knowledge of higher management in Defendant Stryker's corporate structure nor was it committed, countenanced, ratified, or approved by higher management in Defendant Stryker's corporate structure.

1

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## SEVENTH DEFENSE

### (Avoidable Consequences)

7.     Defendant Stryker exercised reasonable care to prevent and/or correct any harassing, discriminatory, and retaliatory workplace conduct allegedly experienced by Plaintiff.   Plaintiff unreasonably failed to take advantage on a timely basis of preventative or corrective safeguards provided by Defendant Stryker to avoid harm.  Thus, Plaintiff's Complaint, and each cause of action alleged therein, is barred or, alternatively, her relief is limited.

## EIGHTH DEFENSE

### (Outside Scope of Authority)

8.     Any alleged unlawful conduct engaged in or promises made by alleged agents of Defendant Stryker, upon which Plaintiff bases her claims, was engaged in or made outside the course and scope of such agents' authority.  Accordingly, Plaintiff is barred from asserting any purported cause of action against Defendant Stryker based on such alleged conduct.

## NINTH DEFENSE

### (Management Discretion)

9.     Any and all conduct of which Plaintiff complains or attributes to Defendant Stryker was a just and proper exercise of management discretion on the part of Defendant Stryker undertaken for a fair and honest belief other than any protected characteristic.

## TENTH DEFENSE

### (Failure to Mitigate Damages)

10.     Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages.  To the extent Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages, if any, in this action.

//

//

//

//

//

DEFENDANT STRYKER CORPORATION'S ANSWER TO COMPLAINT

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### ELEVENTH DEFENSE

### (At-Will Employment)

11.     Defendant Stryker alleges that Plaintiff's employment was not for a specified term. Thus, under California Labor Code section 2922, her employment was terminable at the will of Plaintiff or Defendant Stryker such that the exercise of that right cannot give rise to the claims asserted regarding Plaintiff's termination.

### TWELFTH DEFENSE

### (Preemption)

12.     Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, California's Workers' Compensation Act, Labor Code section 3200, et seq.

### THIRTEENTH DEFENSE

### (Equitable Defenses —Waiver/Estoppel/Laches/Consent/Unclean Hands)

13.     Some or all of Plaintiff's causes of action are barred to the extent Plaintiff has waived them by her actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or is barred by the unclean hands doctrine.

### FOURTEENTH DEFENSE

### (No Punitive Damages or Attorneys' Fees)

14.     Plaintiff has failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Defendant Stryker.   Punitive/exemplary damages are also barred to the extent they are unconstitutional and because the alleged wrongful conduct upon which Plaintiff's request for punitive damages is based was not performed or ratified by a managing agent of Defendant Stryker.

//
//
//
//
//

4

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FIFTEENTH DEFENSE

### (After-Acquired Evidence)

15.     To the extent Plaintiff engaged in conduct during her employment, which was sufficiently severe to justify her termination, and Defendant Stryker would have terminated her employment for such conduct had it known about it during her employment, Plaintiff's claims and/or remedies are barred in whole or in part by the doctrine of after-acquired evidence.

### SIXTEENTH DEFENSE

### (Not Qualified)

16.     Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff was not qualified to perform the essential job duties of her position.

### SEVENTEENTH DEFENSE

### (Failure to Engage in the Interactive Process)

17.     Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff failed to engage in a timely, good faith, interactive process with Defendant Stryker to determine effective reasonable accommodations for Plaintiff's purported disabilities.

### EIGHTEENTH DEFENSE

### (Undue Hardship)

18.     Plaintiff's Complaint, and each cause of action alleged therein, is barred because to the extent Plaintiff requested accommodations, they were unreasonable and would have imposed an undue hardship on Defendant Stryker.

### NINETEENTH DEFENSE

### (Offset)

19.     Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because Defendant Stryker is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

DEFENDANT STRYKER CORPORATION'S ANSWER TO COMPLAINT

1

## TWENTIETH DEFENSE

2

### (No Willful Violation)

3      20.     Defendant Stryker alleges that the Complaint fails to state a claim for penalties under

4  the California Labor Code in that (1) there was a bona fide, good faith dispute as to Defendant

5  Stryker's obligations under any applicable California Labor Code provision; and (2) Defendant

6  Stryker did not willfully fail to pay any wages. Any violation of the California Labor Code was an act

7  or omission made in good faith, and Defendant Stryker had reasonable grounds for believing that its

8  wage payment practices complied with existing laws and that any act or omission was not a violation

9  of the California Labor Code or any Order of the Industrial Welfare Commission, so that Plaintiff is

10  not entitled to any damages in excess of any pay which might be found to be due.

11

## TWENTY-FIRST DEFENSE

12

### (Not Plaintiff's Employer)

13      21.     Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent

14  Defendant Stryker was not her employer at the time of the alleged wrongful conduct.

15

## TWENTY-SECOND DEFENSE

16

### (Additional Defenses / Reservation of Rights)

17      22.     Defendant Stryker presently has insufficient knowledge and/or information on which

18  to form a belief as to whether it may have additional, as yet unnamed, affirmative defenses available.

19  Defendant Stryker, therefore, reserves the right to amend or supplement its affirmative defenses

20  asserted herein, and to present evidence supportive of different or additional defenses, upon

21  ascertaining the specific nature of the violations alleged.

22

## PRAYER

23     WHEREFORE, Defendant Stryker prays for judgment as follows:

24     1.     That judgment be entered in favor of Defendant Stryker and against Plaintiff on all

25  causes of action and that the Complaint be dismissed with prejudice;

26     2.     That all relief requested be denied;

27     3.     That Plaintiff take nothing by the Complaint;

28

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1       4.     That Defendant Stryker be awarded attorneys' fees and costs of suit incurred herein to

2   the extent permitted under the law; and

3       5.     That Defendant Stryker be awarded such other and further relief as the Court may

4   deem proper.

5

6   DATED: March 3, 2021                          HUNTON ANDREWS KURTH LLP

7

8                                                 By: _____

9                                                     Michele J. Beilke
                                                      Ann H. Qushair

10

11                                                    Attorneys for Defendant
                                                      STRYKER CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

      On **March 3, 2021**, I served the foregoing document(s) described as **DEFENDANT STRYKER CORPORATION'S ANSWER TO PLAINTIFF JOANNA SPALL'S COMPLAINT FOR DAMAGES** on the interested parties in this action:

| | |
|---|---|
| Diane Aqui, Esq. | Attorney for Plaintiff |
| SMITH DOLLAR PC | Joanna Spall |
| Attorneys at Law | |
| 418 B Street, Fourth Floor | |
| Santa Rosa, CA  95401 | |
| Tel.:   707.522.1100 | |
| Fax:   707.522.1101 | |
| Email: daqui@smithdollar.com | |

☑   **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐   **By PERSONAL SERVICE:**  by causing to be served on all other parties to this action by requesting that a messenger from _____ deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

☐   **By OVERNIGHT MAIL:**  by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐   **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on **March 3, 2021**, at Los Angeles, California.

_____
HILDA A. ESCOBAR

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Diane Aqui, SBN 217087 <br> FIRM NAME: Smith Dollar PC <br> STREET ADDRESS: 418 B Street, Fourth Floor <br> CITY: Santa Rosa    STATE: CA    ZIP CODE: 95401 <br> TELEPHONE NO.: 707-522-1100    FAX NO.: 707-522-1101 <br> E-MAIL ADDRESS: daqui@smithdollar.com <br> ATTORNEY FOR (Name): Plaintiff Joanna Spall | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda County |
|---|
| STREET ADDRESS: 1221 Oak Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Oakland, CA <br> BRANCH NAME: Civil |

| Plaintiff/Petitioner: Joanna Spall <br> Defendant/Respondent: Stryker Corporation, et al. | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> RG21086814 |

TO (insert name of party being served): Scott Courts

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 3/4/2021

Diane Aqui
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

Civil Case Cover Sheet, Notice of Case Management Conference and Order, and Notice of Assignment of Judge for All Purposes

(To be completed by recipient):

Date this form is signed: March 23, 2021

Ann H. Qushair for Defendant Stryker Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

     On **March 23, 2021**, I served on the interested parties the foregoing document(s) described as **ACKNOWLEDGMENT OF RECEIPT** on the interested parties in this action:

| | |
|---|---|
| Diane Aqui | *Attorney for Plaintiff Joanna Spall* |
| Stephanie Abbott | |
| SMITH DOLLAR PC | Tel.:   707.522.1100 |
| Attorneys at Law | Fax:   707.522.1101 |
| 418 B Street, Fourth Floor | daqui@smithdollar.com |
| Santa Rosa, CA  95401 | SAbbott@smithdollar.com |

☐   **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐   **By PERSONAL SERVICE:**  by causing to be served on all other parties to this action by requesting that a messenger from _____ deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

☐   **By OVERNIGHT MAIL:**  by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☑   **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **March 23, 2021**, at Los Angeles, California.

_____
HILDA A. ESCOBAR

*Hunton Andrews Kurth LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

**HUNTON ANDREWS KURTH LLP**
Michele J. Beilke (State Bar No. 194098)
mbeilke@HuntonAK.com
Ann H. Qushair (State Bar No. 176832)
aqushair@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendants,
STRYKER CORPORATION and
SCOTT COURTS

ENDORSED
FILED
ALAMEDA COUNTY
MAY 07 2021
CLERK OF THE SUPERIOR COURT
By NICOLE HALL
Deputy

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JOANNA SPALL,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, SCOTT COURTS and DOES 1-25, inclusive,<br><br>Defendants. | Case No. RG21086814<br><br>Hon. Noël Wise – Dept. 24<br><br>**DEFENDANT SCOTT COURT'S ANSWER TO PLAINTIFF JOANNA SPALL'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: January 21, 2021<br>Trial Date: N/A |

FAXED

1
2

Defendant Scott Courts ("Defendant Courts") hereby answers the unverified Complaint for Damages ("Complaint") filed by Plaintiff Joanna Spall ("Plaintiff") as follows:

3

### GENERAL DENIAL

4
5
6
7
8

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant Courts denies, generally and specifically, each and every allegation in the Complaint.  Defendant Courts further denies generally and specifically, that Plaintiff has been injured in any sum therein alleged, and denies that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendant Courts.

9
10
11

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant Courts has any burden of proof, Defendant Courts hereby asserts the following affirmative or other defenses:

12

### FIRST DEFENSE

13

### (Statute of Limitations)

14
15
16
17
18

1.      Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, including, without limitation, the statutes of limitations applicable to claims under the California Fair Employment and Housing Act (Government Code sections 12960(d) and 12965(d)) and the California Labor Code section 203 (Code of Civil Procedure section 340(a)), and to Plaintiff's wrongful termination claim (Code of Civil Procedure section 335.1).

19

### SECOND DEFENSE

20

### (Failure to State a Claim)

21
22

2.      Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant Courts.

23

### THIRD DEFENSE

24

### (Failure to Exhaust Administrative Remedies)

25
26
27

3.      Plaintiff's claims are barred in whole or in part to the extent she failed to exhaust her administrative remedies, as required, or to the extent her causes of action exceed the scope of any charges filed with the requisite government agencies.

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**FOURTH DEFENSE**

**(Non-Discriminatory, Non-Harassing, Non-Retaliatory Actions)**

4.     Plaintiff's Complaint, and each cause of action alleged therein, is barred because none of her purported protected conduct was a reason (let alone a substantial motivating reason) for any of Defendant Courts' conduct.

**FIFTH DEFENSE**

**(Avoidable Consequences)**

5.     Defendant Courts exercised reasonable care to prevent and/or correct any harassing, discriminatory, and retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage on a timely basis of preventative or corrective safeguards provided by Defendant Stryker Corporation to avoid harm.  Thus, Plaintiff's Complaint, and each cause of action alleged therein, is barred or, alternatively, her relief is limited.

**SIXTH DEFENSE**

**(Failure to Mitigate Damages)**

6.     Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages.  To the extent Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages, if any, in this action.

**SEVENTH DEFENSE**

**(No Malicious, Reckless or Wanton Conduct)**

7.     Plaintiff's Complaint, and the purported cause of action alleged therein, fail to allege facts sufficient to constitute malicious, reckless and indifferent or wanted conduct that would entitle Plaintiff to recovery and, therefore, Plaintiff is barred and precluded from any such recovery.

**EIGHTH DEFENSE**

**(Preemption)**

8.     Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, California's Workers' Compensation Act, Labor Code section 3200, et seq.

DEFENDANT SCOTT COURTS' ANSWER TO COMPLAINT

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### NINTH DEFENSE

#### (Waiver/Estoppel)

9.      Some or all of Plaintiff's causes of action are barred to the extent Plaintiff has waived them by her actions or is estopped from advancing them.

### TENTH DEFENSE

#### (Laches)

10.     Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

### ELEVENTH DEFENSE

#### (Consent)

11.     Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to and approved acts and statements about which Claimant now complains.

### TWELVTH DEFENSE

#### (No Punitive Damages or Attorneys' Fees)

12.     Plaintiff has failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Defendant Courts.   Punitive/exemplary damages are also barred to the extent they are unconstitutional and because the alleged wrongful conduct upon which Plaintiff's request for punitive damages is based was not performed or ratified by a managing agent of Defendant Courts.

### THIRTEENTH DEFENSE

#### (Punitive Damages Unconstitutional)

13.     An award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

### FOURTEENTH DEFENSE

#### (Intervening, Supervening or Superseding Cause)

14.     The damages Plaintiff claims to have suffered were caused or made worse by an event(s) that occurred after the incident(s) described in the Complaint.

**FIFTEENTH DEFENSE**

**(Assumption of Risk)**

15.    Plaintiff knew about the risk and voluntarily undertook the risk that led to the event(s) causing the damages Plaintiff claims to have suffered in the Complaint.

**SIXTEENTH DEFENSE**

**(Additional Defenses / Reservation of Rights)**

16.    Defendant Courts presently has insufficient knowledge and/or information on which to form a belief as to whether he may have additional, as yet unnamed, affirmative defenses available. Defendant Courts, therefore, reserves the right to amend or supplement his affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

**PRAYER**

WHEREFORE, Defendant Courts prays for judgment as follows:

1.    That judgment be entered in favor of Defendant Courts and against Plaintiff on all causes of action and that the Complaint be dismissed with prejudice;

2.    That all relief requested be denied;

3.    That Plaintiff take nothing by the Complaint;

4.    That Defendant Courts be awarded attorneys' fees and costs of suit incurred herein to the extent permitted under the law; and

5.    That Defendant Courts be awarded such other and further relief as the Court may deem proper.

DATED:  May 7, 2021                    **HUNTON ANDREWS KURTH LLP**

By:  _____

Michele J. Beilke
Ann H. Qushair
Attorneys for Defendant
STRYKER CORPORATION
AND SCOTT COURTS

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On **May 7, 2021**, I served on the interested parties in this action the foregoing document(s) described as:

**DEFENDANT SCOTT COURT'S ANSWER TO PLAINTIFF JOANNA SPALL'S COMPLAINT FOR DAMAGES**:

Diane Aqui, Esq.                          *Attorney for Plaintiff Joanna Spall*
SMITH DOLLAR PC
Attorneys at Law                          Tel.:   707.522.1100
418 B Street, Fourth Floor                Fax:    707.522.1101
Santa Rosa, CA  95401                     daqui@smithdollar.com

☐ **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:**  by causing to be served on all other parties to this action by requesting that a messenger from _____
deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

☐ **By OVERNIGHT MAIL:**  by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☑ **By ELECTRONIC MAIL PER E-SERVICE AGREEMENT:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 7, 2021**, at Los Angeles, California.

_____
Connie Torres

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Diane Aqui, SBN 217087<br>Smith Dollar PC<br>418 B Street, Fourth Floor<br>Santa Rosa, CA 95401<br>TELEPHONE NO.: 707-522-1100　　FAX NO. *(Optional):* 707-1101<br>E-MAIL ADDRESS *(Optional):* daqui@smithdollar.com<br>ATTORNEY FOR *(Name):* Plaintiff Joanna Spall | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Joanna Spall
DEFENDANT/RESPONDENT: Stryker Corporation, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**　　[ ] **LIMITED CASE**<br>　　　　　　(Amount demanded　　　　(Amount demanded is $25,000<br>　　　　　　exceeds $25,000)　　　　　or less) | RG21086814 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 7, 2021　　　　Time: 9:00 a.m.　　Dept.: 24　　　Div.:　　　　Room:

Address of court *(if different from the address above):*

[X]　Notice of Intent to Appear by Telephone, by *(name):* Diane Aqui

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]　This statement is submitted by party *(name):* Plaintiff Joanna Spall
   b. [ ]　This statement is submitted **jointly** by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.　The complaint was filed on *(date):* 1/19/2021
   b. [ ]　The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]　All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]　The following parties named in the complaint or cross-complaint
   　　(1) [ ]　have not been served *(specify names and explain why not):*

   　　(2) [ ]　have been served but have not appeared and have not been dismissed *(specify names):*

   　　(3) [ ]　have had a default entered against them *(specify names):*

   c. [ ]　The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*


4. **Description of case**
   a.　Type of case in [X] complaint　[ ] cross-complaint　*(Describe, including causes of action):*
   　　FEHA Violations, Wrongful Termination and Failure to Pay all Wages

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | CEB<br>www.ceb.com | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Joanna Spall | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stryker Corporation, et al. | RG21086814 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was sexually harassed by a co-worker and supervisor, and after making complaints, experienced retaliation.  After going out on medical leave due to injuries sustained as a result of the harassment, Plaintiff was subsequently terminated. Plaintiff is also owed vacation wages, and waiting time penalties.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒ a jury trial.  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
8/13/2021 - 9/13/2021; 9/22/2021 - 9/30/2021; 2/25/2022 - 3/4/2022; 12/5/2022 - 12/19/2022 (Trials) 12/24/2020 - 1/2/2021 and 12/24/2021 - 1/2/2022 (Firm Closures)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒ days *(specify number):* 5

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                   f.  Fax number:

e.  E-mail address:                                       g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Joanna Spall | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stryker Corporation, et al. | RG21086814 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [X] | [X] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Joanna Spall | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Stryker Corporation, et al. | RG21086814 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Oral Depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Joanna Spall | |
| DEFENDANT/RESPONDENT: Stryker Corporation, et al. | RG21086814 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 21, 2021

| Diane Aqui | *Diane Aqui* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**PROOF OF SERVICE**

I am employed in the County of Sonoma, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 418 B Street, Fourth Floor, Santa Rosa, CA 95401.  On May 21, 2021, I served the attached CASE MANAGEMENT STATEMENT on the parties to this action by serving:

Michele Beilke                                    Attorney for Defendants
Ann Qushair                                      Telephone:
Hunton Andrews Kurth LLP              Facsimile:
550 South Hope Street                        Email: mbeilke@HuntonAK.com and
Suite 2000                                         AQushair@hunton.com
Los Angeles, CA 90071

/x/ **BY EMAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 21, 2021

_____
Stephanie D. Abbott

1118873



- 1 -
Proof of Service

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>HUNTON ANDREWS KURTH LLP<br>Michele J. Beilke (SBN: 194098); Ann H. Qushair (SBN: 176832)<br>550 South Hope Street, Suite 2000<br>Los Angeles, California 90071-2627<br>  TELEPHONE NO.: 213 • 532 • 2000   FAX NO. *(Optional)*: 213 • 532 • 2020<br>E-MAIL ADDRESS *(Optional)*: mbeilke@HuntonAK.com; aqushair@HuntonAK.com<br>ATTORNEY FOR *(Name)*: Defendants STRYKER CORP. AND SCOTT COURTS | *FOR COURT USE ONLY*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>MAY 21 2021<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy<br>NICOLE HALL |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
 STREET ADDRESS: 1221 Oak Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Oakland, CA 94612
 BRANCH NAME:

PLAINTIFF/PETITIONER: JOANNA SPALL

DEFENDANT/RESPONDENT: STRYKER CORPORATION; SCOTT COURTS

| | | | CASE NUMBER: |
|---|---|---|---|
| **CASE MANAGEMENT STATEMENT** | | | RG21086814 |
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 7, 2021          Time: 9:00 a.m.          Dept.: 24          Div.:          Room:

Address of court *(if different from the address above)*:

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Ann H. Qushair

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name):*
   b. ☒   This statement is submitted **jointly** by parties *(names):* Defendants Stryker Corporation and Scott Courts

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
       (1) ☐   have not been served *(specify names and explain why not):*
       (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐   have had a default entered against them *(specify names):*
   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.   Type of case in ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
       See Attachment 4a.

*(FAXED)*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOANNA SPALL | CASE NUMBER:<br>RG21086814 |
| DEFENDANT/RESPONDENT: STRYKER CORPORATION, et al. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff's FEHA and wrongful termination allegations are without merit, as are her related claims for damages. To the extent any complaints of wrongful conduct were made by Plaintiff, Defendant Stryker took prompt remedial action, where necessary, after full and proper investigations.  Defendant also contends it terminated Plaintiff's employment for legitimate business reasons, as she was unable to return to work after an extended medical leave. Stryker also denies it owes Plaintiff any unpaid vacation time or related waiting time penalties.
☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial.  ☒ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See Attachment 6.c.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 5
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:    f.  Fax number:
e.  E-mail address:    g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☒ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under rule 3.811 of the California Rules of Court or from civil action mediation under rule 3.775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: JOANNA SPALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STRYKER CORPORATION and SCOTT COURTS | RG21086814 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: JOANNA SPALL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: STRYKER CORPORATION, et al. | RG21086814 |

11. **Insurance**
   a. ☐  Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights: ☐ Yes  ☐ No
   c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐  Bankruptcy  ☐  Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐  There are companion, underlying, or related cases.
          (1) Name of case:
          (2) Name of court:
          (3) Case number:
          (4) Status:
      ☐  Additional cases are described in Attachment 13a.

   b. ☐  A motion to  ☐  consolidate  ☐  coordinate   will be filed by *(name party):*

14. **Bifurcation**
   ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
       Motion for Summary Judgment or, in the Alternative, Summary Adjudication; Motions in Limine.

16. **Discovery**
   a. ☐  The party or parties have completed all discovery.
   b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | Pursuant to C.C.P. |
| Defendants | Depositions of Plaintiff | Pursuant to C.C.P. |
| Defendants | Depositions of Witnesses | Pursuant to C.C.P. |

   c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOANNA SPALL | CASE NUMBER:<br>RG21086814 |
| DEFENDANT/RESPONDENT: STRYKER CORPORATION, et al. | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ___2___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 21, 2021

| Ann H. Qushair | ▶ /s/ Ann H. Qushair |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.



American LegalNet, Inc.<br>www.FormsWorkFlow.com

**Spall v. Stryker Corp./Scott Courts**
**Alameda Case No. RG21086814**
**Defendant's CMC Statement**

**ATTACHMENT 4a**

**4.  Description of Case**

**a.      Type of case**

1.      Violation of FEHA – Disability Discrimination – Failure to Provide Reasonable
        Accommodation

2.      Violation of FEHA – Failure to Engage in the Interactive Process

3.      Violation of FEHA – Harassment (Hostile Workplace) Directed at Plaintiff

4.      Violation of FEHA – Retaliation

5.      Violation of FEHA – Failure to Take Reasonable Steps to Prevent Discrimination
        and Harassment

6.      Violation of Labor Code – Failure to Pay All Wages

7.      Violation of Labor Code – Waiting Time Penalties

8.      Violation of Public Policy – Wrongful Termination

**Spall v. Stryker Corp./Scott Courts**
**Alameda Case No. RG21086814**
**Defendant's CMC Statement**

**ATTACHMENT 6c**

**6. Trial Date**

**c. Unavailability:** Defendant will not be available for trial on the following dates:

**2021 Pre-Planned Vacation Days**

7/02/21-7/17/21 (M. Beilke)

**Scheduled Trials in Other Actions**

**2021**

6/1-6/4; 6/23; 7/2-7/16; 7/27-7/30; 8/17-8/20; 9/14-9/22; 9/29-10/1; 10/4-10/5; 10/12-10/14; 10/18-10/29; 11/1-11/5; 11/8-11/10; 12/14-12/17; 12/20

**2022**

1/5-1/7; 1/18-21; 1/24-1/26; 2/8; 2/22; 3/1-3/4; 3/8-3/11; 4/18-4/22

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

4

5

On **May 21, 2021**, I served on the interested parties the foregoing document(s) described as **CASE MANAGEMENT STATEMENT** on the interested parties in this action:

6

7

Diane Aqui                                *Attorney for Plaintiff Joanna Spall*
Stephanie Abbott

8

SMITH DOLLAR PC                   Tel.:   707.522.1100
Attorneys at Law                        Fax:   707.522.1101

9

418 B Street, Fourth Floor           daqui@smithdollar.com
Santa Rosa, CA  95401               sabbott@smithdollar.com

10

11

☐   **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

12

13

☐   **BY PERSONAL SERVICE:** by causing to be served on all other parties to this action by requesting that a messenger from _____
deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

14

15

☐   **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

16

17

18

☑   **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

19

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

Executed on **May 21, 2021**, at Los Angeles, California.

24

25

_____
HILDA A. ESCOBAR

26

27

28

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Spall** | **No. RG21086814** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Stryker Corporation** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    24                    Honorable   Noël Wise _____ , Judge

Cause called for Case Management Conference on May 27, 2021.

Appearances waived.

The court, on its own motion, places this matter on calendar this date to issue the following trial setting order:

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

TRIAL SETTING ORDERS

The Court makes the following trial setting orders:

Jury Trial Date: 03/28/2022 at 09:30 AM in Dept. 24

In addition to the content of this Order, the parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 3.35.

A Trial Readiness Conference is scheduled for 03/18/2022 at 10:00 AM in Department 24. This Conference (noted in Domain under "Pretrial Conference") is the first day of trial for all purposes, including for purposes of the Local Rules, the discovery cut-off periods prescribed in the Code of Civil Procedure and other deadlines derived from the date set for trial. This means, among other things, that the parties must have served their witness lists, exhibit lists, and motions in limine on all other parties prior to the Trial Readiness Conference. Trial counsel and self-represented parties must personally appear at the Trial Readiness Conference prepared to begin trial. Telephone appearances are not permitted.

For purposes of this Order, unless otherwise noted, references to "counsel" means any attorney of record in this action, and also means any party representing themselves. All counsel, and any self-represented litigant, must be fully familiar with the law applicable to the issues raised by the pleadings and any matters to be addressed at trial, including the applicable rules and provisions set forth or referred to in the Civil Code, Code of Civil Procedure (CCP), California Rules of Court (CRC), Evidence Code (EC), and Local Rules (LR).

MEET AND CONFER
Unless a different deadline is noted below, at least ten days prior to the Conference, the parties are ORDERED to meet-and-confer in good faith regarding trial preparation, including the following subjects and tasks:
1. which of the parties' exhibits can be admitted without objection, the elimination of duplicative exhibits,

**Minutes**

M14501608

and the admissibility of evidence to be offered at trial, including the admissibility of any writing as defined by EC § 250;
2. whether any issue in the trial should be bifurcated;
3. the length of the trial;
4. whether the parties stipulate to an expedited jury trial pursuant to CCP § 630.01 et seq.;
5. any outstanding discovery and completion dates;
6. deposition designations, counter-designations and objections - counsel shall exchange proposed page and line designations of deposition testimony of witnesses who will not be appearing live at trial; at least five court-days before trial, counsel shall exchange objections and counter-designations and shall meet and confer regarding the designations prior to the trial;
7. jury instructions on which the parties agree, and the list of those in dispute;
8. the utility of a jury questionnaire;
9. arranging for a court reporter if desired;
10.     the benefit of additional alternative dispute resolution prior to trial;
11.     the need for an interpreter for any witness;
12.     the content of the joint, neutral statement of the case;
13.     whether counsel wants to present "mini-openings" to the jury;
14.     the cause(s) of action to be dismissed prior to trial, if any;
15.     each affirmative defense to be withdrawn prior to trial, if any;
16.     the list of undisputed facts to be used at trial;
17.     each item that is required to be addressed in this Trial Readiness order;
18.     stipulated orders, including in limine orders;
19.     whether the parties stipulate to a reduced number of peremptory challenges; and
20.     any other trial readiness issues.

MOTIONS IN LIMINE
All motions in limine must be filed, personally served on all other parties, and courtesy copies (hard copies) delivered to Department 24, at least ten days prior to the Trial Readiness Conference. All briefs in opposition to the motions must be filed, personally served on all parties, and courtesy copies (hard copies) delivered to Department 24, no later than five court-days before the Conference. Judge Wise hears arguments if needed, and generally provides tentative rulings on motions in limine at the Conference.

The following in limine motions shall NOT be filed but shall be deemed ORDERED unless the parties stipulate otherwise or take exception in a motion.

1. There will be no reference to or evidence of: settlement discussions or mediation; insurance; other claims/suits/actions against a party; and the financial condition of any party except in the punitive damages phase of a case, if applicable.

2. All non-party witnesses are to be excluded from the courtroom until they testify and their testimony concludes.

No party may file more than three motions in limine without leave of court.
Please do NOT file generic motions unrelated to the specific facts of the case. For example, a "motion to exclude evidence not disclosed in discovery" is not helpful unless the motion references specific, objectionable evidence that the opponent is expected to offer.

TRIAL READINESS CONFERENCE
At least five court-days prior to the Trial Readiness Conference the parties must file, serve on all other parties, and deliver courtesy copies (hard copies) to Department 24, each of the following:

?   Exhibit List - Each party shall provide an exhibit list, styled in the following column format:

| # or letter | Title/Description | Witness | Date | Stipulated | Admitted | Notes |
|---|---|---|---|---|---|---|

?   Jury Instructions and Verdict Forms - Stipulated (meaning fully agreed upon): form jury instructions with all blanks filled in; all specially prepared jury instructions with all blanks or information filled in; and the verdict forms. All of these items must be in a form that can be given to the jurors at the beginning or conclusion of the trial. This means the packet must be collated, in order, with no identifying marking other than the CACI/BAJI number, must be tailored to the case with all blanks filled in with the correct identifying information, must have all extraneous portions deleted, and have all brackets removed. If any instruction has been modified, a separate copy of the instruction with all modifications clearly identified through track changes. Any proposed jury instructions or verdict forms not agreed to by the parties must be separately filed (with a proposed version using track changes, and a clean version), with a courtesy

copy (hard copy) delivered to Department 24 at least five court-days prior to the Trial Readiness Conference.  See also LR 3.35(i)-(j).

?

?   Jury Questionnaire - A jury questionnaire that contains a blank line for the name and badge number of the juror, and includes a list of all witnesses (in alphabetical order) who may testify at the trial.  Any proposed jury questionnaire not agreed to by the parties must be separately filed with a courtesy copy (hard copy) delivered to Department 24 at least five court-days prior to the Trial Readiness Conference.

?   Statement of the Case - A joint, neutral, brief, proposed statement of the case that will be read to the jury panel before voir dire.  See LR 3.35(h).  If there are any areas of disagreement then the parties shall indicate within the joint statement the portions that are agreed upon, and those that are not using track changes, with each party providing a clean version if the track changes were accepted as proposed by them.  If each party agrees to present a brief "mini-opening" (up to 5 minutes) to the jury panel, please indicate that request to the Court when filing the proposed joint statement of the case.

?   Trial Briefs - A succinct trial brief (not to exceed ten pages) setting forth the undisputed facts, disputed facts, and law upon which that party will rely.  The trial brief will also address (a) whether there are evidentiary issues that will require a Trial Readiness hearing; (b) a good faith, accurate trial time estimate for that party's activities during the trial (the total time estimate should take into account the opening statement, all of that party's anticipated direct testimony and cross examination, and closing argument); (c) whether a party will be arranging for an interpreter for any witness; and (d) any other trial readiness issues.

?   Witness List - A comprehensive list of all witnesses the party intends to call in the case.  The list should be in alphabetical order, and should generally identify the anticipated subject matter of each witness's testimony.  See LR 3.35(f).

 The parties must bring to the Trial Readiness Conference the following:

?   Deposition Transcripts - Lodge all original deposition transcripts. LR 3.35(c)(1).

?   Deposition Designations - Deposition designations and counter-designations are not to be filed with the Court nor advance copies sent to the Court.  All deposition designations must be provided to the Court at the Trial Readiness Conference in the following format:  (a) page and line designations and counter-designations, (b) objections to the designations, if any (c) response(s) to the objections, if any, and (d) boxes for the Court to check whether any objection(s) to the designated page(s)/line(s) are sustained or overruled.

?   Expedited Jury Trial - If the parties agree to the expedited jury trial procedures contained in CCP §§ 630.01 et seq., parties must provide the Court with a proposed consent order pursuant to CCP § 630.03(a).

?   Trial Exhibits - Plaintiff shall use numbers, and Defendant shall use letters to identify exhibits. If there is more than one Defendant, or if the parties have a high volume of exhibits, counsel shall meet and confer to assign a range of exhibit numbers to each party.  There should be no duplicative exhibits for the parties.  Exhibits must be contained in a 3-ring binders, collated and tabbed in the order the party wishes them to be marked, with a copy of the filed exhibit list in the front of the first binder.  Parties must each provide two additional sets of the exhibits in 3-ring binders - a set for the clerk and a "bench copy" for the Court.  The binders must not be larger than four inches in depth, and should not be overfilled.  All exhibits will be marked for identification by Department 24 on the first day of trial.  See also LR 3.35(b) and (g).

USE OF PRETRIAL DISCOVERY AT TRIAL
All parties shall meet and confer prior to the first day of trial about the admissibility of any excerpts from any business records, deposition transcripts, video depositions and audio recordings and their transcripts, and responses from any interrogatories, requests for production, or requests for admission, to be used at trial other than for impeachment or rebuttal.  See also LR 3.35(c)(1)-(2), and (d).

WITNESSES
Witnesses, including experts, must be ready to testify in court when called.  Absent exceptional circumstances, a party who fails to present a witness to testify will be deemed to have rested.

COURT REPORTERS
The parties are advised, pursuant to CRC 2.956(b), that a court reporter is not provided by the Court for

general civil proceedings, including the Trial Readiness Conference, motions in limine, specially set trial hearings, or any other proceeding. Counsel must meet and confer in advance to reach any agreement or arrangement for the presence of a certified shorthand reporter to serve as an official pro tempore reporter at the trial. It will be the responsibility of the litigant(s) to pay the reporter's fee for the attendance at the proceedings, but the expense may be recoverable as part of the costs of suit. See CRC 2.956(c).

A court reporter must be available during the entirety of the Court's schedule as set by the judge, including the Trial Readiness Conference. The court reporter should be available at least 15 minutes prior to the scheduled start time for each trial day or session. Unless otherwise authorized by the judge, all trial testimony must be reported by the same court reporter, who must also be present in the courthouse during jury deliberations in case a read back of testimony is needed. See also LR 3.95.
Any court reporter working within the Alameda County Superior Court shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, the Court and others with whom they come into contact.

OPENING STATEMENTS
In opening statements, no one may display to the jury any document, chart, graph, map, picture, model, video, or slide presentation, or play any pre-recorded audio, except by stipulation of counsel, or with prior Court approval.

DISMISSAL OF PARTIES
On the first day of trial, all remaining unnamed "DOE" parties will be dismissed.

ALTERNATIVE DISPUTE RESOLUTION AND FURTHER CASE MANAGEMENT CONFERENCE
The parties shall engage in private mediation and shall select a mediator by the end of October. If the parties cannot afford to engage a private mediator, the parties must participate in the Court's Alternative Dispute Resolution Program.

The parties shall submit their paperwork to the ADR Program by the end of October and shall request the assignment of a mediator. Regardless of whether the parties utilize private mediation or the Court's Alternative Dispute Resolution Program, the parties shall complete mediation by 01/26/2022.

A Compliance Hearing is scheduled for 02/02/2022 at 9:01 AM in Dept. 24 for status re: completion of mediation and further Case Management Conference. Updated Case Management Statements must be filed in a timely manner and must include the name of the mediator used by the parties, the date mediation occurred and whether further mediation is scheduled. If the case was resolved in mediation, promptly notify the Court and file a notice of settlement/dismissal

FAILURE TO COMPLY WITH THIS ORDER
Failure to comply with any provision of this Order, including timely participation in mediation, may result in any sanction or order authorized by law, including monetary sanctions, issue preclusion, exclusion of witnesses and/or exhibits at trial, striking of pleadings or jury instructions, and/or dismissal. See LR 3.35(n).

The matter is currently set for jury trial. If jury fees are not paid by pretrial conference date, the matter will proceed as a bench trial.

HEARING VACATED
In light of this trial setting order, the Case Management Conference scheduled for 06/07/2021 is VACATED.

Pretrial Conference scheduled on 03/18/2022 10:00 AM in Department 24, Administration Building, 1221 Oak Street, Oakland.

All parties proceeding to mediation or other form of ADR requiring the selection of a neutral shall advise the assigned judge no later than 01/26/2022 of the identity of the neutral selected. If the parties have failed to notify the court, parties must appear in Dept. 24 on 02/02/2022 at 09:01 AM.

Hearing Vacated: Initial Case Management Conference 06/07/2021 09:00 AM D-24.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

**Minutes**

M14501608

Minutes of    05/27/2021
Entered on    05/28/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By    _A. Anypousah_ digital
_____
Deputy Clerk

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Spall | No. <u>RG21086814</u> |
|          Plaintiff/Petitioner(s) | |
| | Case Management Order |
| VS. | |
| | Date:  05/27/2021 |
| | Time:  10:00 AM |
| Stryker Corporation | Dept:  24 |
| | Judge:  Noël Wise |
|          Defendant/Respondent(s) | |
|     (Abbreviated Title) | |

ORDER re: CASE MANAGEMENT

& TRIAL SETTING ORDER WITH NOTICE OF TRIAL

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

TRIAL SETTING ORDERS

The Court makes the following trial setting orders:

Jury Trial Date: 03/28/2022 at 09:30 AM in Dept. 24

In addition to the content of this Order, the parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 3.35.

A Trial Readiness Conference is scheduled for 03/18/2022 at 10:00 AM in Department 24.  This Conference (noted in Domain under "Pretrial Conference") is the first day of trial for all purposes, including for purposes of the Local Rules, the discovery cut-off periods prescribed in the Code of Civil Procedure and other deadlines derived from the date set for trial.  This means, among other things, that the parties must have served their witness lists, exhibit lists, and motions in limine on all other parties prior to the Trial Readiness Conference.  Trial counsel and self-represented parties must personally appear at the Trial Readiness Conference prepared to begin trial. Telephone appearances are not permitted.

For purposes of this Order, unless otherwise noted, references to "counsel" means any attorney of record in this action, and also means any party representing themselves.  All counsel, and any self-represented litigant, must be fully familiar with the law applicable to the issues raised by the pleadings and any matters to be addressed at trial, including the applicable rules and provisions set forth or referred to in the Civil Code, Code of Civil Procedure (CCP), California Rules of Court (CRC), Evidence Code (EC), and Local Rules (LR).

MEET AND CONFER
Unless a different deadline is noted below, at least ten days prior to the Conference, the parties are ORDERED to meet-and-confer in good faith regarding trial preparation, including the following subjects and tasks:
1.       which of the parties' exhibits can be admitted without objection, the elimination of duplicative exhibits, and the admissibility of evidence to be offered at trial, including the admissibility of any

writing as defined by EC § 250;
2.       whether any issue in the trial should be bifurcated;
3.       the length of the trial;
4.       whether the parties stipulate to an expedited jury trial pursuant to CCP § 630.01 et seq.;
5.       any outstanding discovery and completion dates;
6.       deposition designations, counter-designations and objections - counsel shall exchange proposed
page and line designations of deposition testimony of witnesses who will not be appearing live at trial; at
least five court-days before trial, counsel shall exchange objections and counter-designations and shall
meet and confer regarding the designations prior to the trial;
7.       jury instructions on which the parties agree, and the list of those in dispute;
8.       the utility of a jury questionnaire;
9.       arranging for a court reporter if desired;
10.      the benefit of additional alternative dispute resolution prior to trial;
11.      the need for an interpreter for any witness;
12.      the content of the joint, neutral statement of the case;
13.      whether counsel wants to present "mini-openings" to the jury;
14.      the cause(s) of action to be dismissed prior to trial, if any;
15.      each affirmative defense to be withdrawn prior to trial, if any;
16.      the list of undisputed facts to be used at trial;
17.      each item that is required to be addressed in this Trial Readiness order;
18.      stipulated orders, including in limine orders;
19.      whether the parties stipulate to a reduced number of peremptory challenges; and
20.      any other trial readiness issues.

MOTIONS IN LIMINE
All motions in limine must be filed, personally served on all other parties, and courtesy copies (hard
copies) delivered to Department 24, at least ten days prior to the Trial Readiness Conference.  All briefs
in opposition to the motions must be filed, personally served on all parties, and courtesy copies (hard
copies) delivered to Department 24, no later than five court-days before the Conference.  Judge Wise
hears arguments if needed, and generally provides tentative rulings on motions in limine at the
Conference.

The following in limine motions shall NOT be filed but shall be deemed ORDERED unless the parties
stipulate otherwise or take exception in a motion.

1.       There will be no reference to or evidence of: settlement discussions or mediation; insurance;
other claims/suits/actions against a party; and the financial condition of any party except in the punitive
damages phase of a case, if applicable.

2.       All non-party witnesses are to be excluded from the courtroom until they testify and their
testimony concludes.

No party may file more than three motions in limine without leave of court.
Please do NOT file generic motions unrelated to the specific facts of the case.  For example, a "motion
to exclude evidence not disclosed in discovery" is not helpful unless the motion references specific,
objectionable evidence that the opponent is expected to offer.

TRIAL READINESS CONFERENCE
At least five court-days prior to the Trial Readiness Conference the parties must file, serve on all other
parties, and deliver courtesy copies (hard copies) to Department 24, each of the following:

?        Exhibit List - Each party shall provide an exhibit list, styled in the following column format:

| # or letter | Title/Description | Witness | Date | Stipulated | Admitted | Notes |
|---|---|---|---|---|---|---|

?        Jury Instructions and Verdict Forms - Stipulated (meaning fully agreed upon): form jury
instructions with all blanks filled in; all specially prepared jury instructions with all blanks or
information filled in; and the verdict forms.  All of these items must be in a form that can be given to the
jurors at the beginning or conclusion of the trial. This means the packet must be collated, in order, with
no identifying marking other than the CACI/BAJI number, must be tailored to the case with all blanks

filled in with the correct identifying information, must have all extraneous portions deleted, and have all brackets removed. If any instruction has been modified, a separate copy of the instruction with all modifications clearly identified through track changes.  Any proposed jury instructions or verdict forms not agreed to by the parties must be separately filed (with a proposed version using track changes, and a clean version), with a courtesy copy (hard copy) delivered to Department 24 at least five court-days prior to the Trial Readiness Conference.  See also LR 3.35(i)-(j).

?

?        Jury Questionnaire - A jury questionnaire that contains a blank line for the name and badge number of the juror, and includes a list of all witnesses (in alphabetical order) who may testify at the trial.  Any proposed jury questionnaire not agreed to by the parties must be separately filed with a courtesy copy (hard copy) delivered to Department 24 at least five court-days prior to the Trial Readiness Conference.

?        Statement of the Case - A joint, neutral, brief, proposed statement of the case that will be read to the jury panel before voir dire.  See LR 3.35(h).  If there are any areas of disagreement then the parties shall indicate within the joint statement the portions that are agreed upon, and those that are not using track changes, with each party providing a clean version if the track changes were accepted as proposed by them.  If each party agrees to present a brief "mini-opening" (up to 5 minutes) to the jury panel, please indicate that request to the Court when filing the proposed joint statement of the case.

?        Trial Briefs - A succinct trial brief (not to exceed ten pages) setting forth the undisputed facts, disputed facts, and law upon which that party will rely.  The trial brief will also address (a) whether there are evidentiary issues that will require a Trial Readiness hearing; (b) a good faith, accurate trial time estimate for that party's activities during the trial (the total time estimate should take into account the opening statement, all of that party's anticipated direct testimony and cross examination, and closing argument); (c) whether a party will be arranging for an interpreter for any witness; and (d) any other trial readiness issues.

?        Witness List - A comprehensive list of all witnesses the party intends to call in the case.  The list should be in alphabetical order, and should generally identify the anticipated subject matter of each witness's testimony.  See LR 3.35(f).

 The parties must bring to the Trial Readiness Conference the following:

?        Deposition Transcripts - Lodge all original deposition transcripts. LR 3.35(c)(1).

?        Deposition Designations - Deposition designations and counter-designations are not to be filed with the Court nor advance copies sent to the Court.  All deposition designations must be provided to the Court at the Trial Readiness Conference in the following format: (a) page and line designations and counter-designations, (b) objections to the designations, if any (c) response(s) to the objections, if any, and (d) boxes for the Court to check whether any objection(s) to the designated page(s)/line(s) are sustained or overruled.

?        Expedited Jury Trial - If the parties agree to the expedited jury trial procedures contained in CCP §§ 630.01 et seq., parties must provide the Court with a proposed consent order pursuant to CCP § 630.03(a).

?        Trial Exhibits - Plaintiff shall use numbers, and Defendant shall use letters to identify exhibits. If there is more than one Defendant, or if the parties have a high volume of exhibits, counsel shall meet and confer to assign a range of exhibit numbers to each party.  There should be no duplicative exhibits for the parties.  Exhibits must be contained in a 3-ring binders, collated and tabbed in the order the party wishes them to be marked, with a copy of the filed exhibit list in the front of the first binder. Parties must each provide two additional sets of the exhibits in 3-ring binders - a set for the clerk and a "bench copy" for the Court.  The binders must not be larger than four inches in depth, and should not be overfilled. All exhibits will be marked for identification by Department 24 on the first day of trial.  See also LR 3.35(b) and (g).

USE OF PRETRIAL DISCOVERY AT TRIAL
All parties shall meet and confer prior to the first day of trial about the admissibility of any excerpts

from any business records, deposition transcripts, video depositions and audio recordings and their transcripts, and responses from any interrogatories, requests for production, or requests for admission, to be used at trial other than for impeachment or rebuttal. See also LR 3.35(c)(1)-(2), and (d).

WITNESSES
Witnesses, including experts, must be ready to testify in court when called. Absent exceptional circumstances, a party who fails to present a witness to testify will be deemed to have rested.

COURT REPORTERS
The parties are advised, pursuant to CRC 2.956(b), that a court reporter is not provided by the Court for general civil proceedings, including the Trial Readiness Conference, motions in limine, specially set trial hearings, or any other proceeding. Counsel must meet and confer in advance to reach any agreement or arrangement for the presence of a certified shorthand reporter to serve as an official pro tempore reporter at the trial. It will be the responsibility of the litigant(s) to pay the reporter's fee for the attendance at the proceedings, but the expense may be recoverable as part of the costs of suit. See CRC 2.956(c).

A court reporter must be available during the entirety of the Court's schedule as set by the judge, including the Trial Readiness Conference. The court reporter should be available at least 15 minutes prior to the scheduled start time for each trial day or session. Unless otherwise authorized by the judge, all trial testimony must be reported by the same court reporter, who must also be present in the courthouse during jury deliberations in case a read back of testimony is needed. See also LR 3.95. Any court reporter working within the Alameda County Superior Court shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, the Court and others with whom they come into contact.

OPENING STATEMENTS
In opening statements, no one may display to the jury any document, chart, graph, map, picture, model, video, or slide presentation, or play any pre-recorded audio, except by stipulation of counsel, or with prior Court approval.

DISMISSAL OF PARTIES
On the first day of trial, all remaining unnamed "DOE" parties will be dismissed.

ALTERNATIVE DISPUTE RESOLUTION AND FURTHER CASE MANAGEMENT CONFERENCE
The parties shall engage in private mediation and shall select a mediator by the end of October. If the parties cannot afford to engage a private mediator, the parties must participate in the Court's Alternative Dispute Resolution Program.

The parties shall submit their paperwork to the ADR Program by the end of October and shall request the assignment of a mediator. Regardless of whether the parties utilize private mediation or the Court's Alternative Dispute Resolution Program, the parties shall complete mediation by 01/26/2022.

A Compliance Hearing is scheduled for 02/02/2022 at 9:01 AM in Dept. 24 for status re: completion of mediation and further Case Management Conference. Updated Case Management Statements must be filed in a timely manner and must include the name of the mediator used by the parties, the date mediation occurred and whether further mediation is scheduled. If the case was resolved in mediation, promptly notify the Court and file a notice of settlement/dismissal

FAILURE TO COMPLY WITH THIS ORDER
Failure to comply with any provision of this Order, including timely participation in mediation, may result in any sanction or order authorized by law, including monetary sanctions, issue preclusion, exclusion of witnesses and/or exhibits at trial, striking of pleadings or jury instructions, and/or dismissal. See LR 3.35(n).

The matter is currently set for jury trial. If jury fees are not paid by pretrial conference date, the matter will proceed as a bench trial.

HEARING VACATED

In light of this trial setting order, the Case Management Conference scheduled for 06/07/2021 is VACATED.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  05/27/2021

facsimile

_____

Judge Noël Wise