United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOANNA SPALL,

Plaintiff,

v.

STRYKER CORPORATION, et al.,

Defendants.

Case No. 21-cv-04292-EMC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Docket No. 12

Pending before the Court is Plaintiff Joanna Spall's motion to remand this case to state court. *See* Docket No. 12 ("Mot."). For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff, a California resident, alleges that she was sexually harassed and retaliated against by Defendant Scott Courts, also a California resident, from August 2017 to November 2018 while working for Defendant Stryker Corporation ("Stryker"), a Michigan corporation. Mot. at 1; Docket No. 1-2 ("Compl.") ¶¶ 1–3, 10–15.

On September 30, 2019, Plaintiff submitted an intake form to the Department of Fair Employment and Housing (DFEH) setting forth the details of Mr. Courts's harassment. Docket No. 12-1 ("Aqui Decl.") ¶ 2. She was subsequently scheduled for an intake interview on January 8, 2020, and filed her verified complaint with the DFEH on February 6, 2020. *Id.* ¶¶ 4, 5.

On January 19, 2021, Plaintiff filed this action in Alameda County Superior Court raising several causes of action under California's Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12940–12953. *See* Compl. On June 4, 2021, Stryker removed the case to this Court based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441.

Plaintiff filed the instant motion to remand the case back to state court on July 6, 2021. Mot.

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, *i.e.*, that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

The removal statutes are strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). If a defendant improperly removes a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

Although the removing party must establish complete diversity, "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001). The Ninth Circuit has recently clarified that there are two ways to establish fraudulent joinder:

> "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Fraudulent joinder is established the second way if a defendant shows that an "individual joined in the action cannot be liable on any theory." But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."

United States District Court
Northern District of California

*GranCare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1044, 1046 and *Ritchey*, 139 F.3d at 1318). "This standard imposes a very high bar on removing defendants," because joinder is fraudulent "only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a defendant].'" *McAdams, et al. v. Ford Motor Co., et al.*, No. 18-CV-07485-LHK, 2019 WL 2378397, at *4 (N.D. Cal. June 5, 2019) (quoting *Hunter*, 582 F.3d at 1046).

Thus, courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *GranCare*, 889 F.3d at 548. In contrast, it is not enough to sustain a finding of fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046).

## III. DISCUSSION

Because Plaintiff does not contest that the requirements for diversity jurisdiction are met if the Court dismisses her claims against Mr. Courts, the only question is whether Mr. Courts was fraudulently joined. For the following reasons, this Court concludes that he was.

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law," *Yurick v. Sup. Ct.*, 257 Cal. Rptr. 665, 667 (Ct. App. 1989), as modified (May 18, 1989), which includes filing a verified complaint with the DFEH within one year of the alleged unlawful employment discrimination and obtaining a notice from DFEH of the right to sue, Cal. Gov. Code § 12960(c), (e). The statute has since been amended to extend the time for filing a verified complaint with the DFEH to three years. *Id.*

Stryker argues that Plaintiff's claims against Mr. Courts—the only non-diverse defendant named in the complaint—were not properly exhausted because Plaintiff filed her verified complaint with the DFEH against Mr. Courts on February 6, 2020, more than a year after the alleged harassment ended in November 2018. *See* Docket No. 13 ("Opp'n") at 3.

Plaintiff's response is only that her claims against Mr. Courts were properly exhausted


because she submitted an intake form with the DFEH on September 30, 2019, less than a year after the alleged harassment ended in November 2018. *See* Mot. at 4–5. The problem with this argument is that California law is clear that "[section 12960] does not authorize any alternative to the requirement of the filing of a '*verified* complaint in writing.'" *Cole v. Antelope Valley Union High Sch. Dist.*, 55 Cal. Rptr. 2d 443, 449 (1996) (emphasis added) (quoting Cal. Gov. Code Sec. 12960(c). In *Cole*, the plaintiff submitted a detailed letter to the DFEH laying out his claims of discrimination against his employer. *Id.* at 448. The California Court of Appeal held that was insufficient to exhaust his claims because "it would not be practical to allow an employee to substitute *unverified* information relayed to the DFEH in correspondence, or orally, for a formal administrative charge. The requirement of a '*verified* complaint in writing' ensures that all interested parties are on notice as to the substance of the allegations." *Id.* (emphases added). The "verified" nature of the complaint is of utmost importance.

Relying on *Cole*, other courts—including the Ninth Circuit—have similarly held that a plaintiff's FEHA claims can be only be exhausted through the filing of a verified complaint, not intake forms or other written communications with the DFEH. *See Watson v. Chubb & Sons, Inc.*, 32 F. App'x 827, 828 (9th Cir. 2002) (unpublished) ("Watson did not file her disability discrimination claim until fourteen months after she was terminated, although she timely filed her race discrimination complaint. Filling out a pre-complaint questionnaire, alone, was insufficient to exhaust her administrative remedies with respect to her disability claims."); *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) ("Rodriguez's oral statements to the DFEH intake officer . . . do not cure the legal defects in his charge . . . [because] a California court has held that neither unverified written nor oral information relayed to DFEH may substitute for a formal administrative charge." (citations omitted)); *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1089 (E.D. Cal. 2009) ("Neither unverified written information nor oral information relayed to DFEH may substitute for a formal administrative charge."). Plaintiff does not cite a single authority to the contrary.[1]

[1] Plaintiff solely relies on *Federal Express Corporation v. Holowecki*, which is entirely inapplicable here because it addressed what constitutes a "charge" under the federal Age

Interestingly, and perhaps in response to *Cole* and its progeny, the California legislature recently amended section 12960 to add subsection (b), which states that "[f]or purposes of this section, filing a complaint *means filing an intake form* with the department and the operative date of the verified complaint *relates back to the filing of the intake form*." Cal. Gov. Code Sec. 12960(b) (emphases added). This amendment took effect on January 1, 2020, after the one-year deadline for Plaintiff to file her verified complaint with the DFEH. Had the current version of section 12960(b) been the law at the time she filed her intake form, Plaintiff's claims against Mr. Courts would have likely been properly exhausted.

Accordingly, Stryker has met its high burden of showing that Plaintiff's claims against Mr. Courts were never exhausted and therefore barred. Mr. Courts was thus fraudulently joined. Without him, the remaining parties in this case are completely diverse since Plaintiff is a citizen of California and Stryker is a citizen of Michigan, such that the exercise of diversity jurisdiction is proper.

## IV. CONCLUSION

Plaintiff's motion to remand is **DENIED**, and Mr. Courts, as a fraudulently joined party, is **DISMISSED** from this action.

This order disposes of Docket No. 12.

**IT IS SO ORDERED**.

Dated: August 26, 2021

EDWARD M. CHEN
United States District Judge

Discrimination in Employment Act (ADEA) and its implementing regulation, not California's FEHA. 552 U.S. 3859, 401–02 (2008).



United States District Court
Northern District of California